LUTHERA MARSH *vs.* SUPREME COUNCIL AMERICAN LEGION OF HONOR & another.

Suffolk.     April 3, 1889. — June 21, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Beneficiary Association — Contract — Change of Beneficiary — Fraud — Waiver — "Family."*

A beneficiary association, since the passage of the St. of 1882, c. 195, § 2, enlarging the Pub. Sts. c. 115, § 8, so as to permit such an association to assist widows, orphans, "or other relatives of deceased members," may, upon the application of a member who before that act made his wife his beneficiary, change such designation to his mother.

A member of a beneficiary association took all the necessary steps, so far as he was able, to designate his mother as his beneficiary, instead of his wife, and the association was ready to make the change; but in consequence of the fraud of his wife, acting in collusion with a subordinate officer of the association, the change of designation was not formally effected before his-death. *Held,* that the mother was entitled to the fund.

DEVENS, J. The principal defendant is a beneficiary association, incorporated under the general laws of the Commonwealth as they existed in 1879, which are found in the Pub. Sts. c. 115, § 8, and is composed of supreme, grand, and subordinate councils. It carries on its business principally through the subordinate councils, to which applications for membership are made, and through which assessments are levied to provide the necessary funds for its operations. The by-laws of the association require that the name of the beneficiary of a member shall be entered upon the benefit certificate by the supreme secretary of the association, subject to the future disposal of the benefit by the

member. This is done by a petition to the supreme secretary, signed by the member desiring to make the change, attested by the secretary of the subordinate council to which he belongs, with its seal attached and accompanied by a certain fee.

The change is effected by the surrender of the membership certificate, and the issue of a new one payable to the beneficiary designated in the petition. In 1880, Walter H. Marsh became a member of a subordinate council, and received a benefit certificate in the sum of two thousand dollars, payable to his sister. After the issue of the certificate to him, Marsh duly caused it to be changed so as to be payable to his wife, Emeline S. Marsh, the other defendant. In 1887, in order to substitute his mother, Luthera Marsh, as beneficiary of the fund, he first caused his certificate to be delivered to the secretary of his subordinate council to be forwarded to the supreme secretary. He then signed a petition in due form to the supreme secretary, and filed it, together with the requisite fee, with the subordinate secretary, supposing that his certificate was at that time in the possession of such secretary. With the intent to prevent the change from being made, and acting in collusion with Emeline S., the subordinate secretary, instead of forwarding the certificate, as it was her duty to do, had delivered it to Emeline S., and with the same intent she had neglected to affix the seal of the subordinate council to the petition and to attest it. The subordinate secretary subsequently handed the petition, without such seal and attestation, to the supreme secretary, who performed all the acts necessary to waive the seal and attestation, as he had the right to do. The change in the designation of beneficiary was not effected by reason of the fraudulent acts of the subordinate secretary and of Emeline S., but would have been made by the defendant association, had it received the benefit certificate. Walter H. Marsh died on April 28, 1888, and the certificate remained in the possession of Emeline S. Marsh.

The questions presented by the report are, whether he was entitled thus to substitute his mother as beneficiary of the fund, and whether, in view of the steps taken by him in order to make this substitution, and of the fact that it was not actually effected by reason of the conduct and acts of Emeline S. Marsh,

which prevented the issuance of a new certificate, the plaintiff is entitled to the same benefit as if the substitution had been made. The corporation admits its liability, and is ready to pay the amount of the benefit to whoever may be held lawfully entitled thereto.

The association had authority by the statute, as it existed when it was formed, to establish a fund " for the purpose of assisting the widows, orphans, or other persons dependent upon deceased members." The statute of 1882, c. 195, enlarged the powers of such associations by adding to the persons therein described " other relatives of deceased members." The constitution and by-laws of the defendant association have been republished since the act of 1882, without alluding to or noticing that statute. Whether this republication included any alterations does not appear. This statute did not require formal adoption by a beneficiary corporation, and it was therefore held, that when, after its passage, such association accepted the application of a person with a designation of a beneficiary that could only lawfully be made by virtue of the later statute, it could not be said by it, or by any claimant of the fund, that it was exercising, and was only authorized to exercise, the more limited powers which it had under the earlier statute. *Massachusetts Catholic Order of Foresters* v. *Callahan*, 146 Mass. 391, 393.

In the case at bar, the certificate was issued to the member, and thus the contract made with him, previously to the statute of 1882, with the assent of the member and the corporation ; and there is no reason why the class of beneficiaries from whom he might select should not be extended to all mentioned in that statute. Even if the corporation might have refused to allow the wider designation thus permitted, it is found that it did not, and was ready, had the formalities required by it been complied with, to accept Luthera Marsh, the mother of the member, as the beneficiary. Although not dependent upon the member, she was within the larger class of beneficiaries contemplated by the statute of 1882. No person named as beneficiary, among the large class for whose benefit the earlier statute allowed provision to be made, had any such interest in the fund that he or she could object to any change in the disposal thereof in favor of one of the additional class whom the later statute had enu-

merated, if the member so desired, and if the corporation was prepared to assent to it.

In an ordinary life insurance policy made payable to a person named, the rights of the beneficiary are fixed by the terms of the policy, and are vested when the policy is issued. In the certificates of a beneficiary association which are issued to a holder, and which authorize him to designate another beneficiary than the one originally named, the holder may make such changes as the law of the association permits, within the limits of those classes for whom, by statute, such association may provide. All that a beneficiary has during the lifetime of the member who holds the certificate is a mere expectancy, which gives no vested right in the anticipated benefit, and is not property, as, owing to his right of revocation, it is dependent on the will and pleasure of the holder. *Richmond* v. *Johnson*, 28 Minn. 447. As the beneficiary has only an expectancy, it would seem that a law changing the persons who might be designated to receive the benefits, and enlarging their number, would apply to certificates issued before it took effect, as well as to those subsequently issued. *Masonic Mutual Benefit Society* v. *Burkhart*, 110 Ind. 189. Where the constitution of a society, which originally provided that a benefit should be paid only to a widow or children, had been legally amended so as to allow the amount to be paid to any one designated in his lifetime by the holder, the person so designated was held entitled to the exclusion of the widow. *Durian* v. *Central Verein*, 7 Daly, 168.

The defendant Emeline S. Marsh relies much on the case of *Elsey* v. *Odd Fellows' Relief Association*, 142 Mass. 224. In this case, a member of the association, in his application for membership, designated his wife as a person to whom the benefit was to be paid at his death. A by-law provided that the benefit should be paid "to the person or persons designated by the member, in his application for membership, or last legal assignment, provided such person or persons are heirs or members of the decedent's family." The member afterwards attempted to change the designation from his wife to his mother, who was not living with him, but who was living with her husband in another town and county. It was held that the attempted designation was invalid, that the original designation to the wife remained in force, and that she

was entitled to the fund. An examination of the papers in the case shows that the attempted change of designation was after the statute of 1882, but no notice of this statute, which allowed the designation of the relatives of deceased members other than their children, was taken in the argument, nor does it seem to have been brought to the attention of the court. It is not alluded to in the opinion, which tests the validity of the designation by reference to the St. of 1877, c. 204, which did not include relatives, and holds that to give the word "family" such a construction as would include his mother not resident with him would make the by-law overreach the scope of the statute, and violate its spirit and purpose. As the attempted designation of the mother was held illegal and invalid, it did not become necessary to consider whether it had been assented to by the corporation.

Remarks similar to these apply to the case of *Tyler* v. *Odd Fellows' Relief Association*, 145 Mass. 134, 135, also relied upon. The St. of 1882, c. 195, was not discussed in this case, also apparently for the reason that it was held that no designation could lawfully be made to a sister even after that statute, and that on this point *Elsey* v. *Odd Fellows' Relief Association* was decisive.

In view of the fact that in neither of these cases was the effect of the act of 1882 considered, in giving a wider right of designation than that allowed by the act of 1877 to the certificate holder in corporations formed under that act, they cannot be deemed authority for the proposition that it was not competent for the holder of such a certificate issued prior to that statute with the consent of the corporation thereafter to make a designation in accordance therewith.

It was held, indeed, in *American Legion of Honor* v. *Perry*, 140 Mass. 580, where a member of such corporation had designated his wife as a beneficiary, who had deceased before him, and had afterwards unsuccessfully sought to dispose of the fund by will, that the fund provided for by virtue of a contract under the statute of 1877 must be divided between those who could be beneficiaries under that statute, to the exclusion of the additional class created by the statute of 1882. It is there, however, clearly inferred that it was in the power of the corporation, after the statute of 1882 took effect, to pass by-laws which would bring

contracts previously made within its provisions, so far as beneficiaries are concerned.

We do not perceive that there is anything in the constitution of the society, or in its by-laws, even if these could not have been waived, which, in the case at bar, would have prevented the member from changing the beneficiary to his mother. That change, it is found, the corporation was entirely ready to make, according to its rules, upon the surrender by Walter H. Marsh of his benefit certificate. Even if it had not formally accepted the statute of 1882, it was prepared to act under it, and avail itself of the larger powers thereby conferred. The certificate holder and the corporation were the only contracting parties, and there is no reason why they could not modify their contract at their own pleasure, so long as they were within the limits allowed by law. The constitution and by-laws of the company are to be construed with the statutes. It is not to be inferred from accidental changes in the phraseology that the corporation is seeking to exercise powers that do not belong to it, or that it does not desire to avail itself of the privileges which have been conferred upon it. The object of the society is declared, among others, in its certificate of incorporation and in the articles of its constitution, to be the payment of a benefit fund on his decease to " the family, orphans, or dependents, as the member may direct." The word "family," which is not found in the statute, would have included as such then only the widow and orphans, who are there named. When the words " other relatives of deceased members " are introduced after these by the later statute, the word is sufficiently flexible to include them. One of its well-known meanings in common use includes as such relatives who are descendants of a common ancestor. See Worcester's Dict. and Webster's Dict., *Family*.

The by-laws (Law III. Benefit Certificates) of the corporation provide, in § 2, that applicants shall enter upon their application the name or names of the members of their family, or those dependent upon them, to whom they desire the benefit paid ; and in § 3, that " members may at any time, when in good standing, surrender their benefit certificates and have new ones issued, payable to such beneficiary or beneficiaries dependent upon them as they may direct," etc. It is argued that from these two sections

it appears that the right of the member to nominate the benefi
ciary named in his original certificate of membership is greater
than the right which his contract conferred upon him thereafter
to change his beneficiary, and that while he may originally nom-
inate any member of his family for whom provision can law-
fully be made, he can change the beneficiary only by designating
some one dependent upon him.   But there was no intent thus to
limit the right to change.   The word "dependents," in the second
clause, is used to describe all who may be beneficiaries.   This is
seen by reference to the prescribed form of petition which ac-
companies § 3, above referred to, and which concludes, "The re-
lationship or dependence must be clearly stated in the application
or notice of change."   It is thus recognized that relatives may
properly be beneficiaries, nor do we find any restriction upon the
power of the corporation to make any substitution which the
member who has contracted with it requests, within the classes
for whom the law has provided.

Even if a change in the beneficiary could legally have been
made to the mother, the defendant Emeline S. Marsh contends
that, as this was never perfected by the assent of the corpora-
tion, she is entitled to the benefit fund and to an order on the
corporation to pay it to her.   The petition for the substitution
to the supreme secretary should have had the seal of the subor-
dinate council, and been attested by the subordinate secretary.
The forwarding of the petition with the necessary formalities
was properly the work of the secretary of a subordinate council,
a ministerial officer only, and the want of these formalities could,
as matter of law, be waived by the officer to whom it was ad-
dressed, and were in fact waived.   Deficiencies in the perform-
ance of the details provided for the transmission of a document
were unimportant, when the officer to whom it was addressed
was satisfied of its authenticity.   Everything that Marsh was to
do, or could do, to effect the designation in favor of his mother,
had been done.   He could not be responsible for the failure of
the subordinate secretary to affix the seal, attest the petition, or
forward the benefit certificate.   It is found that the change was
not made by reason of the fraudulent acts of the subordinate sec-
retary and of Emeline S. Marsh, and would have been made by
the defendant corporation if it had received the benefit certifi-

cate.   If Walter H. Marsh had a right to make this change, and could and would have made it but for the fraudulent conduct of Emeline S. Marsh acting in collusion with an officer of the defendant corporation, she certainly cannot thereby have entitled herself to the amount of the benefit fund which she has demanded.   It should go to the party whom Walter H. Marsh had substituted as his beneficiary, so far as his act could do it, and who to-day would be in possession of the proper evidence upon which she could make her demand upon the corporation but for the fraud which has been practised.   The controversy is solely between these two claimants.   It is a matter in which the corporation has no interest.   It desires only that a decree may be rendered that shall conclude these claimants as to any demands upon it.

A decree should, therefore, be rendered commanding the defendant Emeline S. Marsh to produce and surrender to the corporation the certificate of the membership of Walter H. Marsh, and that the defendant corporation be required to pay to the plaintiff the amount that would have been due on the death of Walter H. Marsh upon the benefit certificate, had one been actually issued, in lieu of the one which he sought to surrender, deducting therefrom such reasonable costs for its necessary appearance in this suit as may be determined by a single justice.

*Decree accordingly.*

*W. C. Cogswell,* for the plaintiff.

*W. Howland,* for Emeline S. Marsh.

*W. S. Stearns & J. H. Butler,* for the beneficiary association.