CATHERINE A. HILL *vs.* SUPREME COUNCIL AMERICAN LEGION OF HONOR, ELLEN WHITE, claimant.

Suffolk.     January 7, 8, 1901. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

A fraternal beneficiary corporation had the following by-law : "In the event of the death of all the beneficiaries selected by the member before the decease of such member, if no other or further disposition thereof be made in accordance with the provisions of these by-laws, the benefit shall be paid to the widow and children of the member in equal shares ; if none, then to the heirs of the deceased member, and if no person or persons shall be entitled to receive such benefit it shall revert to the Benefit Fund." *Held*, that where a member died without widow, children or heirs at law, and the corporation waived the claim of reversion to its benefit fund, the executor of the deceased member might be admitted as a party to a suit on the certificate, in order to enable him to raise the question whether there was a resulting trust.

Under the provision of St. 1894, c. 367, § 8, that where the wife, children, father, mother, brothers and sisters of a member of a fraternal beneficiary corporation have all died, his certificate may be transferred to "any other person," the member may designate a stranger as the beneficiary, and such designation will not be rendered void by the fact that it was made upon an agreement that the beneficiary should pay the dues and assessments of the member. The provision of the section above named that "No contract under this section shall be valid or legal which shall be conditional upon an agreement or understanding that the beneficiary shall pay the dues and assessments, or either of them" applies only to the original making of the contract, and not to the subsequent transfer of a certificate originally valid. Whether the prohibition applies to a case where the benefit society is not a party to the agreement or understanding that the dues are to be paid by the beneficiary instead of the member, *quære*.

CONTRACT against a fraternal beneficiary corporation to recover $1,000 alleged to be due to the plaintiff under a benefit

certificate issued by the defendant to William Leahey, deceased. Writ dated April 14, 1899.

At the trial in the Superior Court, before *Maynard*, J., the corporation admitted its liability, and under St. 1886, c. 281, petitioned that Ellen White be summoned in and made a claimant. This petition was upon motion allowed, and Ellen White duly appeared and claimed the fund.

In his original application for membership in the corporation, William Leahey requested that his certificate be issued payable to his wife, Kate Leahey, and on January 30, 1884, a certificate was issued by the corporation to William Leahey, payable to his wife, Kate Leahey. Among other things the certificate contained the provision that it was issued " upon condition that said Leahey comply in the future with the laws, rules and regulations now governing the said council and fund, or that may hereafter be enacted by the Supreme Council to govern said council and fund."

Kate Leahey died, and thereafter on August 28, 1894, William Leahey surrendered his first certificate, and applied to the corporation for a new certificate, requesting that it be issued and made payable to one Catherine A. Hill, the plaintiff. The corporation on September 8, 1894, issued the benefit certificate sued upon, which was made payable to Catherine A. Hill as dependent friend. The original application for membership and the two certificates of membership and the application for the change in membership were introduced in evidence at the trial.

It was admitted at the trial that the plaintiff was not related to William Leahey, nor dependent upon him ; that all dues and assessments had been received by the corporation, and that William Leahey was in good standing in the corporation at the time of his decease.

The plaintiff introduced in evidence the charter and laws of the corporation which were in force on September 8, 1894. The only portions material were as follows :

" Certificate of Incorporation, Clause fifth . . . to establish a benefit fund from which, on the satisfactory evidence of the death of a member of the Order who has complied with all its lawful requirements, a sum not exceeding five thousand dollars

shall be paid to the family, orphans or dependents as the member may direct. . . ."

Law 119, Beneficiaries to be named.  " Applicant must enter upon the application the full name or names of beneficiaries, husband or wife, child, affianced husband, affianced wife, relatives of or persons dependent upon the applicant whom it is desired to make beneficiaries."

" 129, Change of Benefit Certificate.  Members in good standing may surrender their benefit certificates and have new ones issued subject to the provisions of these by-laws, such change to be made upon petition to the supreme secretary, signed by the member desiring to make the change, attested by the secretary under the seal of the council in accordance with the forms prescribed.  Each petition shall fix the time when the change of beneficiary shall take effect, and when no time is stated such change shall take effect on the date of the delivery of the application for change to the secretary of the council."

" 31, Executive Committee, Duties.  The executive committee shall have such powers as the statutes of Massachusetts provide, and perform such duties as the by-laws direct or as shall be from time to time prescribed by the Supreme Council by resolution or otherwise."

The plaintiff further introduced in evidence the laws of the corporation which were in force at the time of the decease of William Leahey, and among these laws was the following : " 118.  In the event of the death of all the beneficiaries selected by the member before the decease of such member, if no other or further disposition thereof be made in accordance with the provisions of these by-laws, the benefit shall be paid to the widow and children of the member in equal shares ; if none, then to the heirs of the deceased member, and if no person or persons shall be entitled to receive such benefit it shall revert to the Benefit Fund."

Law 120 prescribed the form of application for a new certificate on surrender of an existing certificate, and was in force both in 1894, at the time of issuing the certificate to the plaintiff, and also in 1898, at the date of Leahey's death.

The plaintiff further introduced evidence tending to show that after the passage of St. 1894, c. 328, incorporated in § 8 of St.

1894, c. 367, which went into effect on April 28, 1894, the executive committee of the defendant authorized the supreme secretary to issue new certificates in accordance with the provisions of that law when any member should apply therefor; that William Leahey applied for a new certificate in August, 1894, and on September 8, 1894, the certificate in suit was issued to him; that at that time the corporation, through its supreme secretary, had knowledge that the plaintiff was neither a relative of nor dependent upon William Leahey, and, further, that at that time Leahey, if he should then decease, had no heirs-at-law; that the defendant was doing business under and in accordance with St. 1888, c. 429, referred to in St. 1894, c. 328.

It was admitted and agreed at the trial that William Leahey, at the time of his decease, had no heirs-at-law, and that the claimant, Ellen White, had never in any manner been named or designated as beneficiary by William Leahey, and that she was not related to him.

At the close of the plaintiff's case, the claimant offered evidence tending to show: First, that the plaintiff was not a person within the classes entitled under the statutes of this Commonwealth and under the laws, regulations and rules of the defendant order, to be designated a beneficiary in said benefit certificate; Second, that the designation of the plaintiff as beneficiary was made upon an agreement or understanding that the beneficiary should pay the dues or assessments of said deceased member in the defendant order, and that said designation was illegal under the statutes of this Commonwealth; Third, that the claimant was the sister-in-law of said Leahey, and had been a member of said Leahey's family for about twenty-five years prior to his death; that the claimant was entirely dependent upon said Leahey for support, and was the only person dependent upon him after the death of his wife; that the claimant was a member of said Leahey's family, and entirely dependent upon him for support at the time of the alleged designation of the plaintiff as beneficiary, and that the claimant continued to be a member of said Leahey's family and entirely dependent upon said Leahey for support down to the time of his death; Fourth, that the claimant was the sole legatee and executrix under the will of Leahey.

The judge ruled that the evidence offered by the claimant was

not competent or material, and excluded it, and ruled that the claimant had no standing in court in this action on either of the grounds claimed, namely, as a dependent or as a legatee.

The claimant then moved to amend the pleadings so as to allow her to become party claimant in the capacity of executrix of the estate of William Leahey, deceased, but it appearing that there were no heirs of William Leahey living at the time of his decease, the judge disallowed the motion as a matter of law on the ground that if she was admitted as claimant defendant, then, as executrix, she would have no standing in court and would not be entitled as executrix to the fund.

The judge thereupon ordered a verdict for the plaintiff for $950, that being the amount agreed upon between the plaintiff and the defendant corporation ; and the claimant, Ellen White, alleged exceptions.

The defendant corporation did not claim the fund under its law 118 above quoted or otherwise, and was not represented at the argument.

*J. J. Irwin*, (*W. W. Risk* with him,) for the claimant.

*M. P. Beckett*, for the plaintiff.

LORING, J.    The claimant has no standing in her own right ; she has no claim as a dependent, because she was not designated by the member as the beneficiary ; nor as an heir, for she was not a relative of the member, and a legatee is not an heir.    But the claimant's rights in her representative capacity as executrix of the estate of the member cannot be disposed of on this ground. If the benefit society represents those interested in the benefit fund to whom under the provisions of By-law 118 the benefit reverts in case the members die without heirs and without having designated some one to receive the benefit, and the society waives that reversion, it may be that the benefit would fall into the estate of the member by way of resulting trust.    But see *Eastman* v. *Provident Mutual Relief Association*, 62 N. H. 555 ; *Maryland Mutual Benevolent Society* v. *Clendinen*, 44 Md. 429.    As the pleadings now stand we cannot say that the society has not waived the claim of the benefit fund ; it has admitted its liability to pay the benefit, has summoned in as claimant Ellen White, and has made no claim to the benefit itself.    We cannot say that Ellen White, as she is executrix of the estate of

William Leahey the member, is not entitled to be heard on the questions raised by the pleadings as they stand.

We are of opinion, however, that the designation of the plaintiff was legal, and for that reason the claimant's motion to amend so as to become a party as executrix was rightly refused. The designation of the plaintiff was made under St. 1894, c. 367, § 8, which provides that in case of the death of wife, child, father, mother, brothers or sisters the certificate may be transferred to " any other person," and was not rendered void by the fact, if it was a fact, that the designation of the plaintiff as beneficiary was made upon an agreement or understanding that the plaintiff should pay the dues and assessments of the member. The provision of St. 1894, c. 367, § 8, is that " No contract under this section shall be valid or legal which shall be conditional upon an agreement or understanding that the beneficiary shall pay the dues and assessments, or either of them." This must be construed to be limited to the contract whereby the person on whose death the benefit is payable becomes a member of the beneficiary society, and to forbid the making of that contract on condition that the dues are to be paid by the beneficiary and not by the member; the clause does not in terms cover the designation on that condition of a stranger to be the beneficiary, where the contract was originally legal and the member's interest in continuing his membership has gone with the death of his relatives. It well may be that the Legislature intended to forbid the first but not the second, and the language used by it goes no further than to forbid the first.

It is not necessary to consider whether a case comes within the prohibition of the statute where the benefit society is not a party to the understanding that the dues are to be paid by the beneficiary in place of the member.

*Exceptions overruled.*