GEORGE E. KERR *vs.* JOHN W. CRANE & others.

Middlesex. March 21, 1912. — May 27, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Trust,* What constitutes, Validity, Enforcement. *Equity Jurisdiction. Fraternal Beneficiary Corporation.*

A member of a Massachusetts fraternal beneficiary corporation to whom it had issued a benefit certificate providing that in case of his death the benefit should be paid to a cousin, delivered the certificate to a friend, who came within none of the classes named in R. L. c. 119, § 6, or in the general laws of the corporation as entitled to benefits under such a certificate, and made an agreement, which was assented to in writing by the cousin who was named as beneficiary in the certificate and by the wife and nearest blood relations of the member, whereby

the friend agreed to pay the member's assessments as they came due and to pay to the member a small sum monthly, and the beneficiary agreed that, on the death of the member, he would collect and hold the proceeds of the certificate for the friend's benefit.  *Held,* that by the agreement and the delivery of the certificate a valid trust was created, and that after the death of the member the friend by a suit in equity might compel the beneficiary to carry it out.

Although a benefit cannot be paid by a Massachusetts fraternal beneficiary corporation to one who does not belong to any of the classes described in R. L. c. 119, § 6, and a beneficiary properly named in a certificate cannot make a valid assignment of his expectant interest to one who does not belong to any of those classes before the death of the member to whom the certificate was issued, the beneficiary may bind himself by the creation of a trust to collect and pay the benefit after the member's death to a person designated by the member to whom for a valid consideration the member had delivered the certificate, although such person does not belong to any of the classes described in the statute; and after the member's death such person may enforce the trust by a suit in equity.

BILL IN EQUITY, filed in the Supreme Judicial Court on May 23, 1910, and afterwards amended, in which it was alleged that the defendant New England Order of Protection, a Massachusetts fraternal beneficiary corporation, issued to one of its members, one Merritt B. Crane, a benefit certificate, that the defendant John W. Crane, a cousin of the member, was named the beneficiary therein under an agreement between him, Merritt B. Crane and the plaintiff, that he would pay the proceeds of the certificate after the death of Merritt B. Crane to the plaintiff.  Merritt B. Crane having died and John W. Crane refusing to collect the amount due on the certificate and pay it to the plaintiff, the bill prayed that he should be compelled to do so.

The widow, a brother and the children of a deceased brother of Merritt B. Crane were allowed to intervene as defendants.

The case was heard by *Braley,* J., who filed a memorandum of his findings.  The facts are stated in the opinion.  A decree was entered for the plaintiff; and the defendants appealed.

*G. A. A. Pevey,* for the defendants.

*J. W. Allen,* for the plaintiff.

SHELDON, J.  The findings made by the single justice were well warranted and cannot be reversed.  The case must be decided upon those findings.

The benefit certificate taken by Merritt B. Crane in the defendant order could not have been made payable to the plaintiff, who came within none of the classes named in the statute or in the "general laws" of the order.  R. L. c. 119, § 6.  *Massachusetts*

*Foresters* v. *Callahan,* 146 Mass. 393. *Marsh* v. *American Legion of Honor,* 149 Mass. 512. *Lavigne* v. *Ligue des Patriotes,* 178 Mass. 25. Nor could he acquire any rights in the certificate or its proceeds from any subsequent directions or assignment made in his favor by the insured, *Briggs* v. *Earl,* 139 Mass. 473, or by reason of the affectionate relations between himself and the member or by reason of his having paid assessments and dues for which the member was liable. *American Legion of Honor* v. *Perry,* 140 Mass. 580. *Skillings* v. *Massachusetts Benefit Association,*. 146 Mass. 217. *McCarthy* v. *New England Order of Protection,* 153 Mass. 314. *Shea* v. *Massachusetts Benefit Association,* 160 Mass. 289. *Clarke* v. *Schwarzenberg,* 162 Mass. 98, and 164 Mass. 347. *United Order of the Golden Cross* v. *Merrick,* 163 Mass. 374. *Clark* v. *Royal Arcanum,* 176 Mass. 468. *Hill* v. *American Legion of Honor,* 178 Mass. 145. *Wilber* v. *New England Order of Protection,* 192 Mass. 477. *Davis* v. *McGraw,* 206 Mass. 294. It is therefore the right and the duty of the defendant order to pay the amount of the certificate to the beneficiary named therein, the defendant John W. Crane.

The real claim of the plaintiff is against the last named defendant, upon the ground that a trust has been created in the plaintiff's favor and impressed upon the proceeds of the certificate, by which the beneficiary of the certificate is bound to receive and hold its proceeds for the benefit of the plaintiff and to turn them at once over to him. To create such a trust and to bind the beneficiary to the performance thereof, the insured member delivered the certificate to the plaintiff, and arranged that the latter should pay the assessments to become due thereon and also make a small monthly payment to. the member himself. The member also informed the beneficiary John W. Crane of this his desire, of his arrangement with the plaintiff, and of his wish that John should pay the proceeds of the certificate, when collected, to the plaintiff. . John orally assented to this. A written memorandum was also prepared and signed by the insured member, his wife and his nearest blood relations, and by John, the beneficiary. And the single justice has found that this beneficiary "understood that he was not to receive the proceeds for his own use," but that he "agreed to collect and hold the proceeds for the use of the plaintiff." Unless this arrangement and the trust which resulted there-

from are invalid, or are not to be enforced by reason of the circumstances of the case, we are satisfied that it did create a duty on the part of John W. Crane to recognize the rights of the plaintiff as entitled to this fund when it should have been collected, and to pay the same at once to him, and that this right of the plaintiff can be enforced in equity. *Kendrick* v. *Ray,* 173 Mass. 305. *Hewins* v. *Baker,* 161 Mass. 320. Though not precisely the same, the situation is analogous to those cases in which one has acquired property "by conveyance or devise secured to himself under assurances that he will transfer the property to, or hold and appropriate it for, the use and benefit of another. A trust for the benefit of such other person is charged upon the property, not by reason merely of the oral promise, but because of the fact that by means of the promise he had induced the transfer of the property to himself." *Glass* v. *Hulbert,* 102 Mass. 24, 39, and cases cited. *Olliffe* v. *Wells,* 130 Mass. 221, 224, and cases cited. John W. Crane, though already named as beneficiary in the certificate, yet held this position only at the will of the insured member, who at any time could have revoked his designation and appointed another in his stead; and it is an irresistible inference from the facts found that this course would have been taken, and that another beneficiary within the class permitted would have been appointed but for the consent and engagement given by John.

But it is claimed that there was no valid consideration for this promise and the trust which resulted therefrom. This position however is sufficiently answered by what has been said. The beneficiary retained his position by reason of his undertaking, and that was consideration enough. As in the cases already referred to, it would be a fraud for him to receive and apply to his own use the proceeds which he has been enabled to obtain only by means of his promise to pay them to the plaintiff.

It is said that the interests both of the insured member and of this beneficiary were merely contingent and not actually vested rights of property in an existing fund. That is true. The amount of the benefit might never be realized at all. If it were to be realized, yet the member had no other interest therein than the bare power to appoint some person of a limited class to receive the fund if and when it should become due and payable. The beneficiary had no other interest than a mere expectancy dependent

upon the will and pleasure of the insured member. But it does not follow that the holder of such a merely expected or contingent interest, growing or expected to grow out of actually existing, though defeasible, contractual rights, has no power of dealing with it, or that his engagements made with reference to such an interest while it is merely expectant and contingent, may not be enforced in equity after the interest shall have become vested and absolute. And it has been so held with reference to just such contingent and expectant rights as are here in question. *Hirsh* v. *Auer,* 146 N. Y. 13. *Dexter* v. *Supreme Council,* 97 App. Div. (N. Y.) 545. *Kimball* v. *Lester,* 43 App. Div. (N. Y.) 27, affirmed in 167 N. Y. 570. *Jarvis* v. *Binkley,* 206 Ill. 541. *Peek* v. *Peek,* 101 Ky. 423. That equitable rights might be attached to the proceeds of such a certificate was recognized by this court in *Mee* v. *Fay,* 190 Mass. 40, 42.

This disposition cannot be avoided on the ground that it was merely testamentary. *Kendrick* v. *Ray,* 173 Mass. 305.

The trust was sufficiently executed by the delivery of the certificate to the plaintiff and the promise of the beneficiary to pay the prospective fund to the plaintiff upon its receipt. No doubt all this rested upon a merely contingent foundation and might have been avoided by the member in his lifetime, through the appointment of a new beneficiary; but this was not done, and the rights of these parties are not now affected by that past contingency.

It is a more difficult question whether by the means here presented the benefit of the certificate can be secured to one who is not a member of the class described in the statute already quoted and in the rules of the defendant order. If the plaintiff claimed merely under the insured member, he could not maintain his claim. It is said that to permit him now to recover would be to allow that to be done by indirection which could not be done directly, and thus to frustrate both the legislative will and the intention of the parties to the contract. On this reasoning it was held in another State that an assignment of such a certificate made by the beneficiary thereof in the lifetime of the insured member and joined in by the latter was invalid. *Rose* v. *Wilkins,* 78 Miss. 401. It may be granted that a beneficiary association could not be required to make payment to any other persons than

those specified in its regulations and in the statutes by which it is governed. The power of the court to deal with the beneficiary, to require him to collect the money that has become due and to pay it out according to the obligations into which he has entered, stands on a different footing. But the existence of even this power has been denied. *Gillam* v. *Dale,* 69 Kans. 362. In our opinion however there is a fundamental difference between the two propositions. The right of the beneficiary to bind himself by antecedent conduct or agreement as to what he will do with the proceeds of such a certificate when they shall come into his possession, subject only to the contingency of their so coming, is hardly to be denied. His prospective obligation becomes binding only when his contingent interest has become absolute. He has at first only a prospective right, which may never come into existence, but it is a right growing out of a presently existing subject matter, an expectancy which, if there is no change in the present state of affairs and if nothing intervenes to destroy rights which have been stipulated for, is likely in the natural order of events to ripen into a reality, a vested right which will then be capable of enforcement. The right of the beneficiary during the lifetime of the insured member closely resembles the expectation of a farmer to raise a crop which he intends to plant upon his land and which he pledges to obtain the seed therefor; or the expectation of an owner of domestic animals that they will yield a natural increase, about which he may make contracts in advance; or of a dairyman that his cows will yield milk, so that he may properly bargain for the disposing of the butter and cheese which he hopes to make therefrom. *Low* v. *Pew,* 108 Mass. 347, 350. And see the cases collected in 35 Cyc. 45, 46. It is enough that there is a present interest in the thing from which the expected article or right is to be directly produced. And even if the actual property does not pass in the future product or result of that which has a present existence, an agreement touching that future product or result may yet have validity and afterwards be capable of enforcement, as was held in the cases cited on page 228 of this opinion.

The beneficiary cannot indeed make a valid assignment of his expectant interest to one not within the limited classes; but as soon as his right has vested and become absolute, it is his property and he may dispose of it at his will. We see no reason why he may

not in advance bind himself, at any rate, by the creation of a trust, to make such a disposition as we have here.

What has been said disposes also of the objection that this is an illegal result, an evasion of the statute. It has been found that the parties had no intention to evade the statutes of the Commonwealth or the "laws" of the defendant order. Nor does the accomplishment of their purpose have that effect. The payment of the benefit to the beneficiary is not to be interfered with. The property in that benefit, as between the order and the beneficiary, vests absolutely in the latter. The order is not concerned with the disposition which he may make of it. But it would be grossly inequitable to allow him to set up the legal title which he has acquired, as a means of evading the execution of the trust which he has assumed and by means of which he obtained both his expectant right and his absolute title.

The decree appealed from must be modified by providing that upon the surrender of the certificate the defendant order shall pay the amount thereof to the defendant John W. Crane, and that he shall forthwith pay the same to the plaintiff. The plaintiff should have also costs against the last named defendant.

*So ordered.*