MARY A. O'BRIEN & others *vs.* MASSACHUSETTS CATHOLIC ORDER OF FORESTERS & another.

Suffolk.   October 8, 1914. — January 2, 1915.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Fraternal Beneficiary Corporation,* Designation of beneficiary.   *Equity Pleading and Practice,* Decree.

If a member of a Massachusetts fraternal beneficiary corporation and a holder of one of its death benefit certificates after the death of his wife designates his cousin as the beneficiary under his certificate upon an agreement by the cousin that he will use the proceeds of the certificate to pay debts of the certificate holder and will hold the balance for the benefit of the certificate holder's children, who will be his sole next of kin, such children after the death of the

certificate holder may maintain a suit in equity to have the designation of the cousin as beneficiary declared invalid, to enjoin the payment of the death benefit to him and to compel its payment to them, although in designating the cousin as beneficiary under the agreement above described the certificate holder had no intent to evade the laws of the Commonwealth or the constitution and by-laws of the corporation and acted under the advice of counsel.

After the hearing of a suit in equity, the judge filed a memorandum of his findings and refused certain requests of the plaintiff for rulings. From a bill of exceptions filed by the plaintiff it appeared that the rulings of the trial judge were wrong but that, upon a proper application of the law to the facts found by the judge, it was clear that the whole case was before this court and that a decree should be made for the plaintiff, and therefore this court under St. 1913, c. 716, § 3, ordered that such a decree be entered.

BILL IN EQUITY, filed in the Superior Court on October 15, 1912, by the surviving children of John F. O'Brien, late of Boston, who constituted his sole next of kin, against the Massachusetts Catholic Order of Foresters, a Massachusetts fraternal beneficiary corporation of which John F. O'Brien at the time of his death was a member and a holder of a death benefit certificate, and one Augustine A. Donovan, a cousin of John F. O'Brien, whom O'Brien after the death of his wife had designated as his sole beneficiary. The plaintiffs alleged that the designation of Donovan as beneficiary was procured through fraud and undue influence on his part and on the part of one Ellen F. Beals and brought this suit to enjoin the payment of the death benefit to Donovan.

The suit was heard by *Jenney,* J., who filed a memorandum of facts found and rulings made by him. Among other facts, he found that the designation of Donovan as beneficiary was not procured by the fraud or undue influence of Donovan or of Beals, but was the free and voluntary act of O'Brien.

Other material facts found by the judge are stated in the opinion.

The plaintiffs asked for the following rulings among others:

"2. The designation of a beneficiary of the death benefit fund in the defendant association, to be valid, must be of a person within the classes prescribed by statute and the by-laws of the association, and the limitation of beneficiaries to said classes cannot be evaded by the designation of an eligible person who secretly agrees to take the fund as trustee for the benefit of a person or persons ineligible.

"3. The facts and evidence in this case warrant a finding that

the designation of the respondent Donovan as beneficiary was made, not because he was in any sense a 'dependent' or 'relative' of the deceased, but for the express purpose of having said Donovan pay certain creditors of the deceased out of the death benefit fund with perhaps a balance over for himself and said Mrs. Beals or his children.  In other words: that said designation was simply an attempt to circumvent the constitution and by-laws of the association and defeat the very purpose for which said mortuary fund was established and one of the principal objects for which the association itself was organized, viz.: 'making suitable provision for the widows, orphans, relatives, and dependents of deceased members' and if the court so finds then said designation is void."

"9.  The deceased had no power or authority to dispose of the death benefit fund of the order for the benefit of his creditors directly or indirectly, by will or otherwise, and if the Court finds that the defendant Donovan was named as beneficiary, not that he should have the death fund, or any part of it, for his own benefit, but simply as a subterfuge and under a secret agreement, so that he, being a 'relative' could draw the money for the benefit of certain creditors of the deceased including Mrs. Beals with the remainder if any for the children, then said designation is void so far as the creditors are concerned, and the whole fund in equity belongs to the children."

The judge refused to rule as requested; and the plaintiffs alleged exceptions.

*J. A. McGeough,* for the plaintiffs.

*J. P. Cleary, Jr.,* for the defendant Donovan.

LORING, J.  In contemplation of law the only interest in the death benefit which the deceased (John F. O'Brien) had was a power of appointment and the power of appointment which he had was a limited one.  He was limited in making the appointment to his widow, children, relatives or dependents.

If the deceased had undertaken to make an appointment of the death benefit to and among his creditors it would have been an appointment outside the class to which he was limited and void. The appointment to Donovan (who was within the class) on Donovan's agreeing to apply the amount of the death benefit so far as it might be necessary to the payment of his (O'Brien's) debts, was an attempt on O'Brien's part to do by indirection what he

could not do by direct appointment in favor of his creditors and was equally void.

By the terms of the agreement between O'Brien and Donovan, Donovan was to hold the balance left after paying O'Brien's debts in trust for the plaintiffs. It is not necessary therefore to decide whether the appointment to Donovan was wholly void or was void only so far as O'Brien sought to secure payment of his debts out of the fund. And decisions to each proposition are equally in point. *In re Cohen,* [1911] 1 Ch. 37. *Duke of Portland* v. *Topham,* 11 H. L. Cas. 32. *In re Perkins,* [1893] 1 Ch. 283. *In re Kirwan's Trusts,* 25 Ch. D. 373. *Sadler* v. *Pratt,* 5 Sim. 632. *Bruce* v. *Bruce,* L. R. 11 Eq. 371. *Pryor* v. *Pryor,* 2 DeG., J. & S. 205. *Carver* v. *Richards,* 1 DeG., F. & J. 548. *In re Marsden's Trust,* 4 Drew. 594. *Daubeny* v. *Cockburn,* 1 Meriv. 626.

The defendant Donovan has based his contention to the contrary upon the decision in *Kerr* v. *Crane,* 212 Mass. 224. But the question here presented was not before the court in that case. In that case, as in the case at bar, there was an appointment to one within the class for the benefit of one outside the class. In that respect the two cases are alike. But when that has been stated the similarity between the two cases is at an end. In *Kerr* v. *Crane* the person who was entitled to the death benefit in case no legal designation was made agreed to the designation made by the deceased outside the class when that designation was made. In addition to that she intervened in the suit of *Kerr* v. *Crane* and asked to have that agreement carried into effect. That suit was a suit brought to prevent one within the class (who had been designated as a beneficiary for the benefit of one without the class) keeping the money for himself when the person entitled in the absence of the legal designation intervened in the suit and asked to have the designation outside the class carried into effect. But the suit now before us is a suit by those entitled in case no legal designation is made to secure for themselves the death benefit which under the arrangement with Donovan was a fraud upon their rights. The case of *Kerr* v. *Crane, ubi supra,* is not fully reported; for some of the facts to which we have referred above resort must be had to the original papers.

The finding of the judge "that said O'Brien had no intent to evade the laws of the Commonwealth or the constitution and by-

laws of the defendant corporation, and that in making said designation he acted under advice of counsel," is of no consequence. His act was an evasion of the laws of the Commonwealth and of the constitution and by-laws of the defendant corporation. The fact that counsel wrongly advised him to the contrary and the fact that he believed that counsel's advice was right did not change the character of the designation or appointment made by him. See in this connection *Ulman* v. *Ritter,* 72 Fed. Rep. 1,000; *Rodgers* v. *Pitt,* 89 Fed. Rep. 424; *Royal Trust Co.* v. *Washburn, Bayfield & Iron River Railway,* 113 Fed. Rep. 531; *Green* v. *Griffin,* 95 N. C. 50; *McKillop* v. *Taylor,* 10 C. E. Green, 139. The second, third and ninth rulings asked for should have been given and the exceptions must be sustained.

It appears from the bill of exceptions that the findings which have been made dispose of the whole controversy. We are therefore of opinion that acting under St. 1913, c. 716, § 3, we should now direct that a final decree be entered. It has been agreed among the parties that the $1,000 (the amount of the death benefit certificate) should be paid without costs or interest and that the defendant corporation should not claim its costs. The decree to be entered should declare that no legal designation in favor of his creditors was made by the deceased during his lifetime and should direct the defendant corporation to pay the $1,000 to the plaintiffs. It is

*So ordered.*

### MEMORANDUM.

On the fourth day of January, 1915, the Honorable Henry Newton Sheldon resigned the office of a Justice of this court, which he had held since the eighteenth day of October, 1905.