## AS TO OWNERSHIP OF PROCEEDS OF A POLICY OF LIFE INSURANCE.

Court of Appeals for Hamilton County.

HENRY SCHLACHTER, ADMINISTRATOR, ETC., OF MARY TEEPEN, DECEASED, v. AL. H. TEEPEN.*

Decided, June, 1915.

*Wills—Determination as to Ownership of the Proceeds of a Policy of Life Insurance of Husband—Bequeathed by Wife to Husband.*

A bequest by a wife of all her property both real and personal to her husband, includes a policy of insurance on the life of her husband (who was still living), made payable to her, her executors, administrators and assigns.

*Clore & Clayton,* for plaintiff in error.
*Charles M. Leslie,* contra.

JONES (Oliver B.), J.; JONES (E. H.), J., and GORMAN, J., concur.

The insurance policy, the proceeds of which is in controversy here, was written on the life of Herman Teepen, and made payable to Mary Teepen, his wife, "her executors, administrators or assigns." Mary Teepen died in 1898, leaving a last will in which the material clause was as follows:

"Second: Subject to the payment of my debts, should there be any, I give, devise and bequeath all my property, both real and personal of which I may die seized, to my husband, Herman Teepen, to him and his heirs forever."

Herman Teepen was appointed executor, and duly elected to take under this will. He settled the estate and filed his final account. Nothing was done by him in this administration or account in regard to this insurance policy. After the death of Herman Teepen in 1911, the plaintiff in error was appointed administrator *de bonis non* with the will annexed of Mary Tee-

---

*Affirming, *Teepen v. Schlachter,* 18 N.P.(N.S.),—.

pen, and collected and now holds the proceeds of such insurance. Defendant in error was appointed administrator of Herman Teepen and filed a claim on behalf of his estate with said administrator *de bonis non* of Mary Teepen by virtue of the clause in her will above quoted, and demanded payment to him of the proceeds of said insurance, which being refused this action was brought in the court below.

A demurrer to the petition was overruled. An answer was then filed which alleged that Herman Teepen procured said insurance with the intention of himself and of his wife to make provision for his wife and children, and to make its proceeds her separate estate if she survived him, and if not, such proceeds would go to and become the property of their children to be exclusively for their benefit; that such insurance was taken out in contemplation of Section 9398, General Code, for the purpose of creating a fund and separate estate for said wife and children independent of said Herman Teepen and his creditors, and that it was not the intention of Mary Teepen by her will to invest any estate or interest in the proceeds of said insurance in her husband because it could not be collected until after her death. A demurrer to this answer was sustained.

The question to be determined is whether Mary Teepen had such a vested interest in the insurance policy that it would pass under the terms of her will to her husband, or whether by virtue of Section 9398, General Code, it was limited to her children.

There is no question but that the words of Mary Teepen's will are sufficiently broad to include every interest in property vested in her at the time of her decease. As the beneficiary named in the policy she obtained a vested interest in it the moment it was issued, and it continued to be her property up to the time of her decease. *Bliss on Life Insurance* (2d Ed.), Section 318; *Manhattan Life Ins. Co.* v. *Smith,* 44 O. S., 156, 163; *U. S. Life Ins. Co.* v. *Buxon,* 62 O. S., 385, 390; *Washington Central Bk.* v. *Home,* 128 U. S., 195; *Marsh* v. *Legion of Honor,* 149 Mass., 512, 515.

After her death, as it was written to her and " her executors, administrators or assigns," her executor became the **owner for**

the purpose of administration under the terms of her will. The fact that it had not then matured and that under the will it passed to her husband who was himself the insured, can make no difference. It would become his property for the benefit of his estate. Nor was it necessary for him as executor of her estate to make a formal assignment of the policy to himself in the settlement of her estate, although that might have propertly been done.

It is true that under the terms of Sections 9398 and 9399, General Code, this policy might have been made payable to and written for the benefit of the wife and children, instead of, as it was, to her and her executors, administrators or assigns. In that event, it would have gone to the children after her death. Or, she might have bequeathed it by her will to her children instead of to her husband. Either plan would have accomplished the intention for which plaintiff in error contends. But the policy was not solely to her, but to her "and her executors," etc., and giving the broadest construction possible to the sections of the statute relied upon, they would not prevent her disposition of it by her will.

The history of the legislation now embodied in these sections shows that it was enacted before the married woman's enabling act, for the purpose of permitting insurance for the separate estate of a married woman for her benefit and that of her children, free from the debts of her husband.

It is not necessary to say more as the questions involved have been fully considered in the opinion of the court below.

The judgment is affirmed.