CATHERINE CARPENTER *vs.* KNIGHTS OF COLUMBUS,
CATHERINE M. CARPENTER, claimant.

Suffolk.    March 29, 1921. — June 30, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Insurance,* Life.    *Fraternal Beneficiary Association.*

A member of the insurance class of the Knights of Columbus received in 1895 a
certificate of insurance upon his life from that organization in which his mother
was named as the beneficiary. In October, 1906, he married, thereby auto-
matically revoking the designation of his mother as beneficiary. In May, 1907,
he separated from his wife and thereafter lived apart from her until his death in
March, 1919. In October, 1907, he re-designated his mother as beneficiary and
in November of that year a new certificate was issued to him. Such re-designa-
tion was permitted by the constitution of the order. In an action by the mother
to recover the amount of insurance, the widow of the assured, who also claimed
to be entitled to the insurance, was made a party by interpleader and testified
that in 1917 her husband informed her that the insurance belonged to her, as she
was the beneficiary named in the certificate, and that upon his death she would
receive the amount payable because she had been both mother and father to their
child. There was no evidence that the mother knew of the conversation and
there was evidence that she had given her son the money which had been used
for the payment of premiums on the policy. *Held,* that, even if the testimony of
the claimant as to the conversation with her husband were believed, that testi-
mony did not vest in her any right to the benefits of the policy.
A person designated or entitled as a beneficiary in a policy of insurance issued by a
fraternal beneficiary organization has an expectancy which on the death of the
assured becomes a vested right.

CONTRACT for $1,000 upon a certificate of fraternal beneficiary
insurance issued by the defendant, in which the plaintiff, who was
the mother of the assured, was designated as beneficiary. Writ
dated August 22, 1919.

The defendant filed an answer admitting its liability for $1,000
but alleging that the widow of the assured claimed the amount and,
upon motion of both parties, the widow was made a party to the
action.

In the Superior Court the action was heard by *Keating,* J.,
without a jury. The material evidence is described in the opinion.
Upon all the evidence the judge found for the plaintiff in the sum
of $1,000 and at the request of the widow reported the case for

determination by this court upon the stipulation that if upon the law and the evidence he was warranted in finding for the plaintiff, judgment was to be entered upon the finding; otherwise, judgment was to be entered for the claimant, the widow, in the sum of $1,000 with interest thereon from the date of the writ and taxable costs against the plaintiff, and the defendant was to have its costs out of the fund.

*E. M. Shanley,* for the claimant, submitted a brief.

*F. Burke,* (*J. P. Bell* with him,) for the plaintiff.

JENNEY, J. Dennis F. Carpenter was a member of the insurance class of the Knights of Columbus. There was issued to him on November 7, 1895, a certificate of insurance by which the corporation bound itself to pay to his mother, Catherine Carpenter, a sum not exceeding $1,000 if she were his lawful beneficiary at the time of his death and if the policy were then in force. It was expressly provided that there should be no liability if the certificate had been surrendered and another issued. The assured reserved the right at any time upon due notice to change the beneficiary named in the certificate.

On October 16, 1906, he married. It is conceded that the designation of his mother as beneficiary was thereby revoked. See *Larkin* v. *Knights of Columbus,* 188 Mass. 22. He separated from his wife in May, 1907, and thereafter lived with his mother and apart from his wife until his death in March, 1919. In October, 1907, he re-designated his mother as beneficiary and in November of that year a new certificate was issued to him, which was in force until his death. Such re-designation was permitted by the constitution of the order.

On the terms of the report no question arises as to the validity of the second policy or as to the beneficiary named in it. *Marsh* v. *American Legion of Honor,* 149 Mass. 512. *Anthony* v. *Massachusetts Benefit Association,* 158 Mass. 322. The right to revoke the designation of a beneficiary and to appoint another is clear. *Kerr* v. *Crane,* 212 Mass. 224, 227. The issuance of the new certificate was not in violation of any obligation restraining or attempting to restrain a change in beneficiary.

The mother is the plaintiff in this action on the new certificate. The defendant admitted its liability and Catherine M. Carpenter, the widow of the assured, is a party claimant.

The defendant was incorporated under the laws of Connecticut. Under a statute of that State approved June 27, 1907, the persons who could be designated as beneficiaries were "heirs, blood relatives, husband, or wife of the member, designated by such member as provided by the constitution and laws of said corporation or determinable by such constitution and laws." Spec. Laws of Conn. 1907, c. 313. By Spec. Laws of that State of 1917, c. 412, it was further provided that beneficiaries might be named from among the following: "Wife of the member, relative by blood to the fourth degree," and others connected by marriage, adoption or dependency. These statutes were in evidence.

The judge found for the plaintiff. This finding must stand unless upon the facts it was unwarranted as a matter of law. The wife contends that the mother is estopped to assert any rights under the certificate. This question is considered on its merits and without regard to any procedural questions. The contention is based upon the fact that in August, 1907, the assured and the claimant had born to them a son who is still living; upon the testimony of the claimant that she had supported herself and the child since her separation from the husband; upon her further testimony that on the occasion of a visit by her to Boston in 1917, her husband informed her that the insurance belonged to her, as she was the beneficiary named in the certificate, and that upon his death she would receive the amount payable because she had been both mother and father to his child. This was ten years after the old certificate had been surrendered and the re-designation of the policy made. There was no evidence that the mother knew of the conversation and there was evidence that she had given her son the money which had been used for the payment of premiums on the policy.

A short answer to this contention might well be made. The judge was not bound to believe the testimony of the wife as to this conversation. But if it be assumed that the conversation took place, it vested in the claimant no right in the policy. The only interest of the assured in the death benefit was a limited power of appointment which was exercised in favor of his mother. *O'Brien* v. *Massachusetts Catholic Order of Foresters*, 220 Mass. 79. A person designated or entitled as a beneficiary has an expectancy which on the death of the assured becomes a vested right. *Marsh*

v. *American Legion of Honor, supra. Anthony* v. *Massachusetts Benefit Association, supra. Ryan* v. *Boston Letter Carriers' Mutual Benefit Association,* 222 Mass. 237. There was no agreement between the plaintiff and the claimant creating any right in the proceeds of the certificate. Nor was there any knowledge on the part of the mother, or act done by her, which renders it inequitable on her part to receive the proceeds. The case is not like *Kerr* v. *Crane, supra.* See *O'Brien* v. *Massachusetts Catholic Order of Foresters, supra.*

In accordance with the terms of the report judgment is to be entered for the plaintiff for $1,000.

*So ordered.*