### JONES v. UNITED STATES et al.
### Civil Action No. 3427.

District Court, D. Massachusetts.
June 7, 1945.

Bernard Beerman, of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., George F. Garrity, Asst. U. S. Atty., and Nyman H. Kolodny, all of Boston, Mass., for Gwen Koffman, intervener petitioner.

William L. Berger, of Boston, Mass., for defendant Irving J. Jones.

FORD, District Judge.

This case comes before this court on the motions of the plaintiff and defendant Jones for a summary judgment of dismissal of the claim filed by Gwen Koffman, intervenor, to part of the proceeds of an insurance policy issued on the life of one George Stanley Jones, deceased soldier, under the National Service Life Insurance Act of 1940, 38 U.S.C.A. §§ 801–818. The government has filed a motion to dismiss and all three motions are based on the same ground, which will appear later. The intervenor has filed a motion for a judgment declaring the defendant Jones a trustee of a part of the proceeds of the policy.

The facts are undisputed and are as follows:

On March 12, 1945, the plaintiff brought suit against the United States and Irving

J. Jones seeking to secure the payments made and to be made to Irving J. Jones on a policy of insurance for $10,000 issued September 1, 1943, on the life of George Stanley Jones, a soldier in the United States Army. The policy was issued under the provisions of the National Service Life Insurance Act of 1940 as amended, 38 U.S. C.A. § 801 et seq. George Stanley Jones named his brother Irving J. Jones, one of the defendants, beneficiary. Prior to the issuance of the policy, George wrote a letter to his brother Irving informing him of the policy of insurance, that Irving was named beneficiary, and stating that Irving was to divide the proceeds of the policy in the following manner: (a) $4500 "for you [Irving J. Jones] to help take care of Mother"; (b) $4500 for Gwen Koffman, a friend; and (c) $1000 for Thomas A. Jones, the plaintiff. Thereafter, Irving acknowledged the receipt of the letter and assured George he would carry out the latter's instructions. Subsequently, George died while in the service of the United States Army, and certain payments of the policy were made to Irving.

Gwen Koffman, who has been allowed to intervene in this suit, seeks to recover from Irving 45 per cent. of the policy proceeds received and to be received by him, contending that since George instructed Irving to pay $4500 of the $10,000 to Gwen Koffman, a trust of the proceeds was created for the benefit of the latter as soon as it was received by Irving.

It is the plaintiff's contention that Gwen Koffman is not one of a class eligible as a beneficiary of the insurance taken out as provided in Section 802(g) of the National Service Life Insurance Act of 1940, as amended, and to allow her to establish that the trust exists for her benefit would be circumventing and contrary to the intention of Congress in enacting the National Service Life Insurance Act.

The contention made by the plaintiff is correct. Section 802(g) provides that the insurance taken out under provisions of the Act of 1940 shall be payable "only to a widow, widower, child * * *, parent, brother or sister of the insured." Admittedly Gwen Koffman is not a member of this class.

The applicable rule is stated in Scott on Trusts, Vol. 1, Sec. 79.1, and is as follows: "If an interest can be transferred only to members of a particular class of persons, a trust of the interest cannot be created in favor of a person not within the class." See O'Brien v. Massachusetts Catholic Order of Foresters, 220 Mass. 79, 107 N.E. 400 and other cases and notes in op. cit.

The intervenor in support of her argument cites the case of Simpson v. Henry N. Clark Co., 316 Mass. 118, 55 N.E.2d 10, which involves an unenforceable, oral trust of realty which became enforceable with respect to the proceeds—personalty—of a sale of the realty. That case is contradistinguishable from the instant case where no trust is extant ab initio.

The motions for judgments of dismissal are allowed and the claim of Gwen Koffman in and to the proceeds of the policy is dismissed without costs. The motion of the intervenor for a declaratory judgment is dismissed.