## MORTON v. UNITED STATES.
### Civ. No. 124–Erie.

United States District Court
W. D. Pennsylvania.
July 24, 1950.

David S. Gifford, Erie, Pa., for plaintiff.

Edward C. Boyle, United States Attorney, Pittsburgh, Pa., Irwin A. Swiss, Assistant United States Attorney, Pittsburgh, Pa., for defendant.

FOLLMER, District Judge.

The present action was instituted by plaintiff against the United States under

the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 801 et seq., claiming the proceeds of a policy issued thereunder on the life of Bernard Lynn Morton, who died while in the Military Service on or about May 11, 1945. The deceased in his application for the insurance named the plaintiff as the beneficiary, designating her as his "wife". Plaintiff sets forth that she has resided in Pennsylvania throughout the entire period involved, and predicates her claim upon an alleged common law marriage in Pennsylvania.

The complaint alleges that Bernard Lynn Morton (hereafter referred to as the veteran) married one Ethel Skoog Morton on or about October 6, 1928; that she commenced "a divorce action against the Veteran on October 18, 1934, but this proceeding was never carried through". Plaintiff further alleges "that she and the Veteran began living together as man and wife March 17, 1936 and lived together continuously in this relationship until the Veteran entered the Service November 9, 1942. During this period she was acknowledged by him as his wife and both parties believed that the former marriage to Ethel Skoog Morton had been dissolved by divorce."

The United States moves to dismiss for failure to state a claim upon which relief could be granted.

 As to the various classes of beneficiaries to whom such insurance shall be payable upon the death of the insured, Section 602(g) of the National Service Life Insurance Act of 1940, as amended, 38 U.S.C. 802(g), specifically and unequivocally states that *"The insurance shall be payable only to a widow,* widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, *but only within the classes herein provided,* and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries *but only within the classes herein provided: * * *1."* (Emphasis supplied.) The plaintiff, in order to show herself legally entitled to recover, must come clearly within a permitted class of statutory beneficiaries on the date of death of the insured.[2] The pertinent question therefore is whether plaintiff has shown herself to be the "widow" of the insured veteran at the time of his death. In determining her marital status the law of Pennsylvania must be applied, since the marriage is claimed to be a Pennsylvania common law marriage, and residence has at all times been in Pennsylvania.[3]

 The veteran had entered into a formal marriage with one Ethel Skoog Morton, which marriage had not been dissolved. He was therefore legally incompetent to marry. The Supreme Court of Pennsylvania has specifically ruled that cohabitation and reputation of marriage are insufficient to create a lawful marriage where either party is legally incompetent to marry, and that such a marriage is void.[4] Since, on the undisputed facts in this case, plaintiff was not and could not have been the lawful wife of the veteran during this period, she was not his widow at the time of his death in May 1945; and therefore not within that class or category of permissible beneficiaries, and not eligible as beneficiary of such insurance. She could not, as a widow, have an insurable interest in the life of the insured, and has no claim to the insurance benefits of the

1. The veteran died on or about May 11, 1945, consequently the proviso added by the Act of August 1, 1946, does not apply.

2. Schurink v. United States, 5 Cir., 177 F.2d 809.

3. Castor v. United States, 8 Cir., 174 F.2d 481; Branch v. United States, D.C.W.D. Okl., 83 F.Supp. 641; and cf. United States v. Snyder, 85 U.S.App.D.C. 198, 177 F.2d 44.

4. Pierce v. Pierce, Appellant, 1946, 355 Pa. 175, 49 A.2d 346.

decedent's National Service Life Insurance Policy.[5] The motion to dismiss must be granted.

So ordered.

---

5. Schurink v. United States, supra; Branch v. United States, supra; United States v. Snyder, supra; Jones v. United States, D.C.Mass., 61 F.Supp. 406; Castor v. United States, supra; Gehm v. United States, D.C.S.D.N.Y., 83 F. Supp. 1003; cf. Sherman v. Federal Security Agency, 3 Cir., 166 F.2d 451.