JOHN R. PRESPOLIS, guardian, *vs.* ROSE HAWKES & another.[1] January 22, 1974. This petition in equity, brought in a Probate Court by the guardian of John V. Prespolis, seeks to have paid to the petitioner as such guardian the proceeds of insurance on the life of Roxine H. Prespolis, who was the mother of the ward, the sister of Rose Hawkes, and the estranged and late wife of the petitioner. The petitioner was appointed guardian after Roxine's death. The judge found that Roxine had designated as the beneficiary "Rose Hawkes 'guardian' of . . . [John V. Prespolis]" and that it was Roxine's intention "that her sister was to be the 'custodian' or trustee of [the proceeds of the life insurance]." The court's decree ordered the proceeds paid to Rose Hawkes "as trustee for the benefit of said John V. Prespolis until he reaches his twenty-first birthday and to be adminstered by said trustee as said Court may from time to time decree . . . ." The petitioner appealed from that decree. The creation of a trust was dependent upon Roxine's intention, manifested by her words and conduct, and the ends to be accomplished. *Kerr* v. *Crane,* 212 Mass. 224, 226-228 (1912). *Carpenter* v. *Suffolk Franklin Sav. Bank,* 362 Mass. 770, 777-779 (1973). Compare *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 90-91 (1936). The petitioner relies on *Olliffe* v. *Wells,* 130 Mass. 221 (1881), *Sears* v. *Choate,* 146 Mass. 395 (1888), and *Ames* v. *Hall,* 313 Mass. 33 (1943), all of which are distinguishable on their facts. The petitioner's brief cites no authority, nor have we found any, supporting his position that on these facts his subsequent appointment as guardian entitles him to take possession of the proceeds to the exclusion of Rose. There was no error.

*Decree affirmed.*

*Paul A. Gargano* for the petitioner.
*Francis E. Jenney* for Rose Hawkes.

---

[1] The John Hancock Mutual Life Insurance Company. A decree pro confesso was entered against that company for failure to answer. It has not appealed from the final decree.