WILLIAM FELIX, *by John Hannon, his Guardian*, v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF THE STATE OF KANSAS, *et al.*

LIFE INSURANCE POLICY—*Benefit, How Paid.* Where a life insurance policy provides that the benefit shall, at the death of the insured, "be paid to his wife and children," *held*, that such benefit should be paid to his wife and children equally, and not one-half to his wife and the other half to his children ; and *further held*, that each child should receive his share of the benefit, although one of such children may have never lived with his father as a part of his father's family, and may have also re- ceived a portion of his father's estate prior to his father's death.

*Error from Leavenworth District Court.*

ACTION by the *Grand Lodge of the Ancient Order of United Workmen of the State of Kansas*, against *Caroline Felix* and others. The defendant, *William Felix*, alleges error in the judgment of the court at the April Term, 1883, and brings it here. The opinion states the facts.

*Thos. P. Fenlon*, for plaintiff in error.

*Lucien Baker*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is with reference to the proper construction of a contract of insurance, entered into between Frederick Felix and the Grand Lodge of the Ancient Order of United Workmen of the State of Kansas.

It appears from the record, that some years prior to 1866, Frederick Felix was married to Caroline ———, and by her

6.—31 KAS.

had two children, William Frederick and August. After-
ward, and in 1866, Caroline obtained a divorce from Fred-
erick.   On January 27, 1868, Frederick was married to
Lena Kester, and by her had one child, born January 13,
1869, and named William.   In September, 1869, Lena ob-
tained a divorce from Frederick, and, by a settlement
between the parties, Lena obtained from Frederick, for her-
self and child, the sum of $2,000.   In 1872 Frederick again
married Caroline, and they lived together as husband and
wife until he died in 1882.   Prior to his death, and on Au-
gust 3, 1881, the Grand Lodge of the Ancient Order of
United Workmen of the State of Kansas issued a certificate
of insurance to Frederick, providing, among other things,
that Frederick should "participate in the beneficiary fund
of the order to the amount of $2,000, which sum shall, at his
death, be paid to his wife and children by the said Grand
Lodge."   On May 12, 1882, Frederick died, leaving the
said Caroline, Lena, William Frederick, August, and Wil-
liam surviving him.   The said Gra nd Lodge of the Ancient
Order of United Workmen is now ready and willing to pay
the said sum of $2,000 to the person or persons who are en-
titled to receive the same; and the only question now to be
determined is who that person or those persons are.   The
court below decided that Caroline was entitled to receive
one-half of such fund, and that William Frederick, August,
and William were each entitled to receive one-sixth thereof.
The said William, being dissatisfied with this decision, now
brings the case to this court.   He claims that, instead of
being entitled to receive only one-sixth of said fund, as the
court below decided, he is entitled to receive one-fourth
thereof.   We think he is correct.   This fund is no part of
the assets of the estate of Frederick.   It does not go to his
administrator or heirs, and is not liable for his debts; but it
must be paid out by the said Grand Lodge solely in accord-
ance with the terms of the original contract entered into be-
tween Frederick and the said Grand Lodge.   The statutes of
Kansas with reference to descents and distribution have no

possible application to this case; for such statutes apply only to the estates of deceased persons. As before stated, this fund is no part of the estate of the said Frederick Felix. How, then, shall this fund be paid out or distributed? The said contract provides that it shall "be paid to his [Frederick's] wife and children;" and it is admitted by all the parties that his wife and children were, at the time the contract was made, and are now, the said Caroline, William Frederick, August, and William. And as the contract provides that this fund shall "be paid to his wife and children," without designating in what proportions the same shall be paid, we think the same should be paid to his wife and children equally. Each should receive an equal share; or, in other words, each should receive one-fourth of such fund. This is the natural construction of the language of the contract. Suppose that the contract had provided that the fund should be paid to his brother and sisters, there being one brother and three sisters; or to his brothers and sister, there being three brothers and one sister; or to his son and daughters, there being one son and three daughters; or to his sons and daughter, there being three sons and one daughter: would one-half of the fund go to the single person named in any one of these suppositions, and the other half, after being divided into three parts, or into sixths of the whole, go to the other three persons? Counsel for both parties say not. Counsel for William says the fund should be distributed as we have indicated; while counsel for Caroline, William Frederick, and August, claims that no portion of the fund in this particular case should be paid to William. And this he claims for the reason that William was never any part of the family of Frederick, but always lived with his mother, Lena, and was taken care of by her; and also because of the settlement made between Frederick and Lena at the time divorce was granted to Lena.

Now we do not think that these matters can enter into the consideration of this case at all. The contract by which this fund was created was entered into solely between Frederick

and the Grand Lodge of the Ancient Order of United Workmen of the State of Kansas. It cannot be supposed that this grand lodge had any knowledge of the private affairs or the previous domestic relations existing between Frederick and Lena, or of the settlement which had previously been made between them, and certainly nothing of this kind was embodied in the contract entered into between Frederick and this grand lodge. And it must be supposed that this grand lodge understood the language which it used in the contract, and that it intended to make just the kind of contract which it did in fact make, and that it intended to bind itself to perform just what it agreed to perform, and did not intend to be bound by any secret arrangements, or settlements, or understandings previously entered into or at any time existing between Frederick and Lena.

We think this grand lodge is simply bound to pay in accordance with the terms of its contract; and its contract says that it shall pay the fund to the " wife and children" of Frederick, which, according to all well-settled rules of construction, means the wife and children equally. (*Hamilton v. Pitcher*, 53 Mo. 334, 336.)

The judgment of the court below will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

HORTON, C. J., concurring.

BREWER, J., dissenting.