## BRANCH v. UNITED STATES et al.
Civ. No. 3872.

United States District Court
W. D. Oklahoma.

Feb. 8, 1949.

Martin C. Moore, of Oklahoma City, Okl., for plaintiff.

Robert E. Shelton, U. S. Atty., of Oklahoma City, Okl., for the United States.

Howard K. Berry and Ted Foster, both of Oklahoma City, Okl., for Mary C. Pendergrass, guardian of James and Anna M. Branch, minors.

Falkenstine & Fisher, of Watonga, Okl., for Inez Branch Hamilton.

VAUGHT, Chief Judge.

On February 27, 1948; the plaintiff Ophelia Branch filed her complaint seeking to recover on an insurance policy issued February 3, 1943 by the defendant United States of America on the life of Eddie Branch, an enlisted man in the military service, (hereinafter referred to as the insured.) The beneficiaries named therein are Ophelia Branch, wife, $5,000, and John Branch, father, $5,000, with a provision that if either of the beneficiaries died the survivor should become the sole beneficiary in that event.

The plaintiff alleges that the insured died on June 14, 1944, while in the service, leaving the plaintiff as his surviving wife; that John Branch, the father, died on October 6, 1944, leaving the plaintiff as the sole beneficiary; that she had made due claim as beneficiary for the benefits provided in the policy and that her claim was denied by the Veterans' Administration on December 16, 1947; that on or about April 1, 1944, she and the insured entered into a common-law marriage agreement, which agreement, by acts set forth in the complaint, was in full force and effect at the date of the death of the insured, and by reason thereof, she is entitled to the proceeds of the policy.

The defendant United States of America filed its answer admitting paragraph 1 of the complaint and denying paragraphs 2 and 3 of the complaint except that it admitted that Eddie Branch was inducted into the military service of the United States on February 3, 1943 and died while in the service on June 14, 1944. It admitted that it issued on February 4, 1943 the policy sued upon, with the beneficiaries named therein, and that the insurance policy was in full force and effect at the date of the death of the insured. It admitted that the beneficiary John Branch died on October 6, 1944 and alleged that at the time of his death he had received three installments of insurance benefits under the policy. It alleges that no insurance benefits are payable to the plaintiff for the reason that she is not the lawful widow of the insured and is not within the permitted class of beneficiaries as provided by Section 802(g), Title 38 U.S.C.A. It admits that the plaintiff made claim as beneficiary under the policy and that her claim was denied as alleged in her complaint. It denies that the plaintiff received any sum or sums from the defendant as beneficiary under the policy; that on April 1, 1944, or any other later date, the insured entered into a common-law marriage with the plaintiff, and all other allegations of the complaint.

As a counterclaim the defendant states that the insured was legally married to Inez Bennett on April 6, 1935 and to that union were born two children, James Branch and Anna M. Branch. That on March 29, 1944 the District Court of Oklahoma County, Oklahoma, granted the insured an absolute divorce from Inez Bennett Branch, but ordered that the decree should not become absolute until after the expiration of six

months from the date of the decree, and that the death of the insured occurred prior to the effective date of the decree. That Inez Branch (now Inez Branch Hamilton) has filed claims on behalf of herself as the lawful widow of the insured and on behalf of James Branch and Anna M. Branch, children of the insured. That the benefits heretofore paid to John Branch, deceased, be deducted and the balance be paid to the person, or persons, found by the court to be entitled thereto.

In order to avoid a multiplicity of suits for the insurance benefits under the policy, Inez Branch Hamilton, James Branch and Anna M. Branch, minors, and their guardian, Mary C. Pendergrass, have been made parties defendant.

James Branch, a minor, and Anna M. Branch, a minor, by and through their guardian, Mary C. Pendergrass, and Mary C. Pendergrass, as guardian of said minors, filed their answer and pray for judgment for the proceeds of said policy. Inez Branch Hamilton, mother of said minors, filed her answer adopting all the allegations of the answer of said minors, and prays for judgment.

The question to be determined is the marital status of the plaintiff upon the 4th day of February, 1943, the date the policy took effect, and the 1st day of April, 1944, the date of the alleged common-law marriage agreement.

Under the provisions of the Act governing the insurance policy, 38 U.S.C.A. § 802 (g), it is provided: "The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided: * * *."

■ The alleged common-law marriage claimed to have been entered into and consummated in the state of Oklahoma would be governed by the law of that state.

The plaintiff alleges that the agreement was on or about April 1, 1944. There is no evidence that such an agreement was entered into on or near that date, but it appears by the testimony of the plaintiff that if any such agreement was ever entered into, it was on May 15, 1940 at Oklahoma City, Oklahoma. On that date the insured was lawfully married to Inez Bennett Branch, which fact was well known to both the plaintiff and the insured. Under the law of Oklahoma such an alleged marriage would be "bigamous and criminal in its inception". Clark et al. v. Barney et al., 24 Okl. 455, 103 P. 598, quoting from the syllabus: "A marriage contracted by two parties, one of whom had a living, undivorced spouse, which was known by both parties to the alleged marriage contract, which was bigamous and criminal in its inception, the undivorced spouse dying shortly after such bigamous marriage, and said relations continuing thereafter without any apparent change until the death of one of the parties thereto, there is no presumption of change of relations, and without more such could not ripen into a common-law marriage."

This case was cited with approval by the Circuit Court of Appeals, Tenth Circuit, in Jones v. Kemp et al., 144 F.2d 478.

■ There is yet another reason why the alleged common-law marriage between plaintiff and insured could not have been lawfully consummated on April 1, 1944. The insured obtained a divorce from Inez Bennett Branch on March 29, 1944, the decree providing that the divorce would not be absolute for a period of six months.

In Thomas v. James et al., 69 Okl. 285, 171 P. 855, it was held: "It is unlawful for either of the parties to a divorce to marry any other person within six months after the granting of the divorce, but they are not prohibited by law from remarrying each other within such period, and their remarriage may be shown by facts from which a common-law marriage may be presumed."

■ The conclusion is inescapable that under the law of Oklahoma, which governed the marital status of the plaintiff, she was not the lawful wife of the insured

on the date the policy went into effect, or on the 1st day of April, 1944, or on June 14, 1944, and is not within the class that would have an insurable interest in the life of the insured.

John Branch, the other beneficiary named in the policy, now being deceased, it is clear that under the terms of the policy and the law governing the same the two minor children of the insured, James Branch and Anna M. Branch, are entitled to the unpaid balance of the proceeds of the policy. Their duly qualified guardian, Mary C. Pendergrass, is entitled to a judgment for the same to be paid in compliance with the provisions of the policy and the law governing the same. The judgment shall provide for attorneys' fee of $500 to be paid to Howard K. Berry and Ted Foster, attorneys for the successful parties herein.

Findings of fact, conclusions of law and a form of judgment consistent with this opinion may be submitted within ten days from this date.