**LE PELL v. UNITED STATES et al.**

No. 3933.

United States Court of Appeals
Tenth Circuit.

Nov. 7, 1949.

Rehearing Denied Dec. 7, 1949.

Lake J. Frazier, Roswell, N. M. (Frazier, Quantius & Cusack, Roswell, N. M., on the brief), for appellant.

Fletcher A. Catron, Sante Fe, N. M., for appellees.

Before BRATTON and HUXMAN, Circuit Judges, and RICE, District Judge.

HUXMAN, Circuit Judge.

Plaintiff, Ina Mae LePell, brought this action to recover on her son's National Service Life Insurance Policy. Defendant, Rose Lee Chaplin, answered claiming to be the principal beneficiary under the policy, and defendant, the United States, admitted its liability under the policy and asked the court to determine which of the two claimants was entitled to the proceeds. Judgment was entered for Rose Lee Chaplin and this appeal followed. The action was instituted pursuant to 38 U.S.C.A. § 817.

The facts around which this controversy centers are as follows: Donald R. LePell, son of the plaintiff, and Rose Lee Ellerd were married on November 19, 1939, and a son was born November 12, 1940. On March 10, 1942, Rose instituted an action for divorce and custody of the son, Donald, Jr., in the Second Judicial District Court of the State of Nevada. A decree of divorce was entered on April 8, 1942, awarding custody of the child to Rose and decreeing that the defendant, Donald R. LePell, pay $50.00 per month as child support. On about April 1, 1942 Donald entered the Armed Forces. On or about August 13, 1943, the certificate of insurance, which is involved here, was issued effective August 19, 1943. Appellant, Donald's mother, was designated principal beneficiary, and his son, Donald, Jr., the contingent beneficiary.

In May, 1942, Rose entered into a marriage ceremony with a William D. Johnstone and lived with him somewhat intermittently in the State of California. Johnstone instituted a divorce action in California. Rose filed a cross-complaint, and an interlocutory judgment was entered in that case on January 31, 1944. A final judgment of divorce was entered in the California case February 1, 1945. .

In June, 1944, between the time of the interlocutory and the final decrees, in the California case, Rose and Donald resumed life together ostensibly as husband and wife, at Fort Wayne, Indiana, with the mutual desire, intention and agreement that they become and continue to be husband and wife. Rose was openly recognized and introduced by Donald as his wife. During this period, Rose became pregnant. On October 6, 1944, Donald and Rose went through a marriage ceremony at Columbia City, Indiana. On October 7, 1944, Donald signed a change of beneficiary designating "Rose Lee LePell" principal beneficiary and Donald R. LePell, Jr., contingent beneficiary, under the insurance certificate. Therein Rose's relationship to the insured was stated to be "wife".

Donald went overseas on October 24, 1944, and was killed in action on April 6, 1945. A son, Stephen Ellerd LePell, was born on March 26, 1945. After Donald's departure for overseas, he and Rose continued to hold themselves out to the world as husband and wife. Both prior to and after the death of Donald, Rose was publicly accepted, recognized and introduced as Donald's wife by his mother, the appellant herein.

Both appellant and Rose filed claims with the Veterans' Administration for the benefits of the policy, and it was ruled administratively that Rose should be recognized as the veteran's widow on the basis of a common-law marriage. Thereafter, on October 5, 1947, this action was instituted, and the case was set for trial March 2, 1948. Rose obtained a continuance of the cause, and during the period of the continuance an action was filed in the Second Judicial District Court in the State of Nevada, entitled Stephen Ellerd LePell v. Rose Lee LePell, seeking to set aside the divorce action obtained between Rose and Donald.[1] At the hearing, the court set the divorce aside on the ground that no valid service had been obtained on Donald.[2] Thereafter, in this action, the decree setting aside the divorce was urged in support of Rose's contention that she was at all times the wife of Donald and therefore the properly designated beneficiary.

The court below made findings of fact and conclusions of law and held Rose entitled to the benefits of the policy. The court based its conclusion upon the grounds that (1) the Second Action in the Nevada Court invalidated the divorce obtained in the First Action and that Donald and Rose therefore were never divorced; and (2) that in any event, Rose was Donald's wife by virtue of a common-law marriage.

Appellant assigns five points for reversal. They may be briefly summarized as follows:

(1) Appellee, Rose, was not within the permitted class of beneficiaries on October 7, 1944, when the proposed change in beneficiaries was made; (2) the first Nevada divorce decree is res judicata and must be given full faith and credit; (3) the second divorce decree annulling the first decree is void and not entitled to full faith and credit; (4) the Johnstone divorce decree in California is valid and entitled to full faith and credit; (5) the trial court erred in finding, in any event, that Rose became the common-law wife of Donald.

We consider first the questions raised with respect to the two actions in the Nevada Court. Appellant contends that the first decree in the Nevada divorce proceeding is res judicata and should have been given full faith and credit by the trial court in this action. By analogy and the same line of reasoning, the second judgment of the Nevada Court, being the later judgment, should be accorded the same treatment. In Williams v. North Carolina, 325

1. This action will be referred to as the second Nevada Action.

2. This judgment will be referred to as the Second Judgment.

U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366, the Supreme Court dealt at length with the treatment that a divorce decree rendered in the courts of one state must receive in the courts of another state. The court held that a judgment in one state is conclusive upon its merits in every other state, but is binding in that state only if the court of the state rendering the judgment had jurisdiction. It was held that a finding in the court rendering a divorce decree, that it had jurisdiction of the parties, was not conclusive and binding upon the court of another state when such a judgment comes before it for consideration. The court indicates that such a judgment is entitled to great weight even when the jurisdiction of the rendering court is in question, and that an onerous burden rests upon one who challenges the judgment on such grounds. The extent of that burden is not necessary to set out because of the conclusions we have reached as to the validity of the second Nevada judgment.

If the New Mexico courts or the Federal court of New Mexico, in a proceeding involving a divorce decree from another state, may properly inquire into the question of whether the parties to that decree were properly within the jurisdiction of that court notwithstanding the recital of jurisdictional facts in the decree, and establish that the decree is void because the parties were not residents of that state, certainly the court which entered the original decree possesses the same power in an appropriate proceeding instituted therein to inquire into the same matter.

■ The attack on the validity of the divorce decree by the Nevada court was a direct attack instituted in the court which granted the decree by Stephen Ellerd Le-Pell, son of Rose and Donald. The court had jurisdiction of the subject matter, of the action, and of the parties thereto.[3] It considered the subject of the action, concluded that the divorce decree was void because the court had no jurisdiction of the parties thereto, and accordingly set it aside. That judgment, therefore, is entitled to full faith and credit before the courts of all other jurisdictions, since the court rendering it admittedly had jurisdiction of the parties thereto. See Williams v. North Carolina, supra. The trial court in this case considered the matter of the validity of the second judgment of the Nevada court and concluded that the judgment in the second action setting aside the divorce decree was a valid judgment. This conclusion is sustained by the record. In fact, there is no evidence in the record which would support a contrary conclusion.

■ It follows that Rose's marriage to Johnstone in California was void. Appellee and Donald were at all times in question husband and wife. The fact that they became involved in a chain of circumstances which left them confused and in a state of doubt regarding their status, leading them to take various steps to clarify their situation, does not change their legal status. Since they were at all times husband and wife, appellee's designation as the beneficiary in the insurance policy in question was a legal designation and she is entitled to the proceeds thereof.

The conclusions we have reached on this question make unnecessary a consideration of the remaining assignments of error urged by appellant.

The judgment appealed from is affirmed.

3. It seems to have been conceded in the court below that the parties in this action were properly before the Nevada court.