**UNITED STATES v. OSWALD et al.**
**Civ. A. No. 1085.**

United States District Court
D. Delaware.

June 27, 1950.

640

William Marvel, U. S. Atty. of Wilmington, Del., for the United States.

Paul R. Rinard and Robert H. Wahl, both of Wilmington, Del., for defendant Georgina Mae White.

Stewart Lynch and Florence E. Freeman, both of Wilmington, Del., for defendant Mary Ruth Oswald.

LEAHY, Chief Judge.

This is an action where two persons each claim to be the "widow" of the deceased and therefore entitled to receive the proceeds of the deceased's national service life insurance. Defendant Georgina Mae White was married to the decedent, George Allen White, Jr., on March 5, 1934, in Media, Pennsylvania. Subsequently, on December 20, 1943, White secured a divorce in the Chancery Court of Garland County, Arkansas. On the same day, White married defendant Mary Ruth Oswald in Hot Springs, Arkansas. On March 1, 1944, White was inducted in the Army and was killed in action on October 12, 1944. At the time of his death a National Service Life Insurance Certificate issued by the government which insured his life in the amount of $10,000 was in full force and effect. The insurance certificate, effective March 3, 1944, countersigned March 22, 1944, contained the following notation as to the beneficiary: "Mrs. Mary R. White,

64 Haver Street, New Haven, Connecticut."

On April 17, 1945, an action was filed in the state court in Connecticut by Georgina Mae White, the first wife, against Mary Ruth Oswald, the alleged second wife, requesting, inter alia, a declaratory judgment to the effect that the decree of divorce granted in Arkansas to White was not effective and did not dissolve the marriage and that Georgina Mae White was the lawful widow of the decedent. Mary Ruth Oswald appeared and defended the Connecticut action. On November 20, 1946, the court entered a declaratory judgment to the effect that the decree of divorce granted in Arkansas was ineffectual and did not dissolve the marriage relationship between Georgina Mae White and George Allen White, Jr. The precise holding was that consequently she was the lawful widow of decedent. There was no appeal from this judgment.

The Connecticut court did not decide that Georgina Mae White was entitled to the decedent's insurance under the National Service Life Insurance Act of 1940, 38 U.S. C.A. § 801 et seq., and, in fact, the United States was not a party to the Connecticut proceeding. Subsequently, the District Attorney, representing the United States, filed an interpleader action in this court setting forth the facts. He stated that the United States had no interest in the fund and indicated its willingness to pay it to the person lawfully entitled to it. As a result of this statement by the United States Attorney, defendant Mary Ruth Oswald filed a complaint and defendant Georgina Mae White filed a complaint, each claiming the proceeds of the policy. Both parties have moved for summary judgment.

The argument of Georgina Mae White is that the Connecticut proceeding is res judicata and since it was actively litigated by both parties here, and no appeal was taken, this court is bound to follow that judgment in its determination as to who is a widow within the meaning of the National Service Insurance Act.

At the argument an extremely interesting contention was made on behalf of Mary

Ruth Oswald, the second "wife". The contention is that the determination by Arkansas was just as effective and operative as the determination by the Court in Connecticut and since there is no tribunal where status may be determined as an ultimate proposition, the court should resolve the inevitable conflict by accepting the determination by Arkansas not only because it was the court making the first determination but also because such determination obviously accords with the intention of the decedent, for Mary Ruth Oswald, as shown by the declaration of the decedent in naming a beneficiary, is the person whom the decedent regarded as his widow.

While both arguments were quite instructive, I shall decide the case on a slightly different theory than that raised by either party.

■ This court must accept the finding of the Connecticut Court on status because all the requisites of a valid declaratory judgment existed in the Connecticut proceeding. Borchard, Declaratory Judgments, 2d Ed., Chap. 2. Since status was determined in the Connecticut proceeding it necessarily follows that the proceeds of the National Service policy must go to Georgina Mae White.

It is not necessary to consider the argument as to whether the doctrine of res judicata would apply because, since the requisites of a valid declaratory judgment were present in Connecticut, that is sufficient reason why this court should be bound by the determination of status.

■ Had the second "wife", Mary Ruth Oswald, not appeared or, at least, not litigated the issue of status in the Connecticut proceeding, the argument made in her behalf might well prevail. That argument is

that the Arkansas decree of divorce was valid unless the first wife, Georgina Mae White, was successful in Arkansas in having the decree set aside. But since Mary Ruth Oswald appeared in the Connecticut proceeding and litigated there, she is bound by that determination of status under the declaratory judgment theory and the protection of the unreversed Arkansas decree is no longer open to her.

■ Moreover, there is a regulation involving the National Service Life Insurance Act of 1940 which enforces the conclusion which I have reached. While that Act made no specific provision concerning the proof of validity of marriage, it nevertheless gave the administrator wide powers to make regulations. On November 9, 1944, the administrator issued a regulation providing that "all marriages shall be proved as valid according to law of the place where the parties resided at the time of marriage or at the time and place where the parties resided when the rights to compensation or pension accrued." [1] This case is governed by the regulation because the parties resided in Connecticut at the time when the rights to compensation or pension accrued. U. S. v. Snyder, 85 U.S.App.D.C. 198, 177 F.2d 44.[2] While it is true that this regulation was passed after the effective date of the insurance certificate involved in this case, it nevertheless is persuasive because it merely incorporates into the National Service Insurance the rule which was in existence as to the validity of marriages in compensation and pension cases. Cf. Sherman v. Federal Security Agency, 3 Cir., 166 F.2d 451.

Accordingly, the motion of Georgina Mae White for summary judgment is granted and the cross-motion of Mary Ruth Oswald for summary judgment is denied.

1. 9 Fed.Reg. 13668, 38 Code Fed.Reg. § 10.3453 (Supp.1944).

2. I do not think the parties truly "resided" in Arkansas at the time of the second marriage. See Alvord and Alvord v. Patenotre, 1949, 196 Misc. 524, 92 N.Y.S.2d 514; and see 63 Harvard Law Review 1441.