**MUIR et al. v. UNITED STATES et al.**

No. 29056–G.

United States District Court
N. D. California, S. D.

Nov. 7, 1950.

940

B. G. Buzzini and Hearne & Beale, all of San Francisco, Cal., for plaintiffs.

Frank J. Hennessy, United States Attorney, and Rudolph J. Scholz, Assistant United States Attorney, both of San Francisco, Cal., for defendant United States of America.

Gordon W. Mallatratt of San Francisco, Cal., for intervenors.

ROCHE, Chief Judge.

This is an action to determine the beneficiary of a policy of National Service Life Insurance under provisions of the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq.

The undisputed facts of this case are as follows:

Intervenor Ruth Bodenhausen Muir Pettit (hereafter referred to as Mrs. Pettit) married Fred A. Muir in Glendale, California, in 1934. One child, Marlene Marie Muir, was born the issue of this marriage.

On August 27, 1942, Mrs. Pettit obtained a "mail order" divorce in Mexico from Muir. Neither of these parties was a resident of or domiciled in Mexico, all negotiations for the divorce having been arranged through correspondence.

In September, 1942, Mrs. Pettit went through a ceremony of marriage with one Archie D. Pettit and has, since that date, held herself out to be his wife (being now known as Mrs. Pettit).

In November, 1942, the plaintiff, June H. Muir, went through a ceremony of marriage with the said Fred A. Muir in Memphis, Tennessee, while both of them were domiciled in California. Since that date the plaintiff has held herself out to be the wife of Muir.

Muir entered the Naval Service in August, 1942. He applied for and was granted a $10,000 policy of National Service Life Insurance. He designated the plaintiff, described by him as his "wife", as the principal beneficiary of such insurance and her son by a former marriage, Frank Author Wright, as his contingent beneficiary. Muir died on August 31, 1944.

In 1945 the plaintiff filed a claim for such insurance, alleging herself to be the widow of the said insured. Her claim was denied by the Veterans Administration which held that the Mexican divorce was invalid and hence the plaintiff's purported marriage to Muir was void. The plaintiff was thus denied recognition as the legal widow of the insured and held not to be within the class of beneficiaries permitted to be designated in a policy of National Service Life Insurance.

On August 8, 1950, Mrs. Pettit subscribed and swore to an affidavit which contained the following provision: "That affiant does not claim to be the wife of the said Frederick A. Muir, and does hereby expressly waive and relinquish any benefits to which she might be entitled under any insurance policy issued to said Frederick A. Muir by the government of the United States, and to any and all benefits arising out of the service of said Frederick A. Muir in the armed Forces of the United States."

On August 8, 1949, plaintiff filed this action to have herself adjudged the widow of the insured and to compel the Veterans Administration to pay over to her the proceeds of the National Service Life Insurance. Her said son, Frank Author Wright, is a party plaintiff to the action. Mrs. Pettit and the said Marlene Marie Muir, the only living child of the insured, have intervened, likewise making claims to the proceeds of such insurance. Thus, all of the interested parties are before the Court.

The issues here presented for decision are:

(1) Upon the death of Fred A. Muir did the plaintiff, June H. Muir, become his

widow within the meaning of the word "widow" as it appears in the National Service Life Insurance Act?[1]

If the plaintiff is found not to have become the widow of Fred A. Muir at the said time, to whom are the proceeds of the said policy to be paid?

The word "widow" as used in the National Service Life Insurance Act refers to the insured's lawful wife at the time of his death. U. S. v. Snyder, D. C. Cir., 177 F.2d 44. Since the plaintiff and the insured were residents of California at the time of their purported marriage and since they remained California residents to the date of the death of the insured, when plaintiff's alleged claim accrued, the law of California determines the validity of their marriage. U. S. v. Snyder, supra.

The Mexican court granted the divorce decree without either Mrs. Pettit or Fred A. Muir appearing before the court and while both of the parties were residents of California. California law clearly holds that such a divorce decree is invalid by reason of the lack of jurisdiction of such court over either the parties or the subject matter and California courts deny recognition to such a decree. Roberts v. Roberts, 81 Cal.App.2d 871, 185 P.2d 381; In re Estate of Hensgen, 80 Cal.App.2d 78, 80, 181 P.2d 69. (It may be noted that such a decree is likewise held invalid under Tennessee law for the same reason, viz., the lack of jurisdiction of such court over the parties or the subject matter. Hamm v. Hamm, 30 Tenn.App., 122, 204 S.W.2d 113, 175 A.L.R. 523.)

Since the insured and Mrs. Pettit remained husband and wife despite the abortive Mexican decree of divorce, the plaintiff never became the legal wife of the insured and she is not his legal widow.

Harlan v. Harlan, 70 Cal.App.2d 657, 161 P.2d 490.

Plaintiff's attempts to invoke California laws pertaining to the rights of putative spouses are unavailing, since such rights are limited ones relating to the community property of putative marriages, or rather, as a recent commentator has phrased it, to "quasi community property". 37 Cal.Law Review 671, "Domestic Relations: Rights and Remedies of the Putative Spouse". The National Service Life Insurance Act itself, not state law, determines the proper beneficiary of a policy issued under its provisions. 38 U.S.C.A. § 802(g), (h) and (i).

[7] This court finds the said waiver executed by Mrs. Pettit to be a complete and sufficient relinquishment of any claim she may possess to the proceeds of the said insurance. Such finding precludes the necessity of any discussion as to whether or not the doctrine of estoppel should be invoked against her.

In the absence of a valid marriage between the plaintiff and the insured, the plaintiff's son, Frank Author Wright, bears no relationship to the insured and so is not within the class of beneficiaries as specified by the act itself.

In view of the foregoing and by operation of 38 U.S.C.A. §§ 802(i) and 802(h) (3) (B),[2] it is here found that the proceeds of the said policy are payable to Marlene Marie Muir, the only living child of the insured.

It is hereby ordered that there be entered herein, upon findings of fact and conclusions of law in accordance with the forgoing, judgment in favor of intervenor Marlene Marie Muir and against all other parties hereto.

---

1. 38 U.S.C.A. § 802(g) "The insurance shall be payable only to a widow * * *. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided * * *."

2. 38 U.S.C.A. § 802(i) "If no beneficiary is designated by the insured or if the designated beneficiary does not survive the insured, the beneficiary shall be determined in accordance with the order specified in subsection (h) (3) of this section * * *."
38 U.S.C.A. § 802(h) (3) "(B) if no widow or widower, to the child or children of the insured, if living, in equal shares; * * *."