### CAVANAUGH v. UNITED STATES et al.

#### No. 6267.

United States District Court
W. D. Missouri, W. D.

Jan. 2, 1951.

Wm. S. Hyatt, Jr., Kansas City, Mo., Claude L. Rice, Jr., Kansas City, Kan., for plaintiff.

Sam M. Wear, U. S. Atty., Harry F. Murphy, Asst. U. S. Atty., Kansas City, Mo., for United States.

George V. Aylward, Jr., Kansas City, Mo., for Margaret Gertrude Cavanaugh.

REEVES, Chief Judge.

This is an action on a policy of National Service Life Insurance. The policy was is-

sued on September 1, 1942, or rather, made effective on that date. By its terms the government insured one Richard M. Cavanaugh in the sum of $10,000.

In his application the insured soldier named the plaintiff, Opal Cavanaugh, his wife, as principal beneficiary. The contingent beneficiary named in the application was Margaret Gertrude Cavanaugh, the mother of the soldier. Both of the beneficiaries resided in Kansas City, Missouri, the one at 4018 Warwick Boulevard in Kansas City, Missouri, the other at 3930 Campbell Street in Kansas City, Missouri.

The parties have filed a stipulation as to the facts. This relieves the court of responsibility for determining factual issues. By the stipulation of facts supplemented with very little testimony the questions left for decision are purely legal. The question presented is the validity of a second marriage of the soldier before the first marriage was dissolved.

By this stipulation of facts it was agreed that the policy was effective as of the date mentioned and that it named the plaintiff and the mother of the insured as the principal and contingent beneficiaries respectively. It was further stipulated that the insured was declared presumptively dead on June 12, 1944, and, furthermore, that all premiums were paid on the insurance up to and including the date of his death. It follows that one of the two named beneficiaries is clearly entitled to the benefits vouchsafed under said policy.

Upon the presentation of claims and proofs the government, through its proper administrative agency, namely, the Veterans' Administration, denied the application of the plaintiff for the benefits and made settlement of the insurance in favor of the defendant, Margaret Gertrude Cavanaugh. The claim of the plaintiff was disallowed on the ground that she was not in the permissible class as provided by paragraph (g) of Section 802, Title 38 U.S.C.A. This provision contains the following pertinent recital:

"Beneficiaries

"(g) The insurance shall be payable only to a widow, * * *, parent * * *, of the insured."

Admittedly, Margaret Gertrude Cavanaugh is a parent, but it was contended by the government and by the defendant, Margaret Gertrude Cavanaugh, that the plaintiff is not the widow of the insured because not lawfully married to him. Such contention is made upon the following admitted facts:

The insured was married on September 29, 1935, at Kansas City, Missouri, to one Laura Boulware. The marriage relationship apparently continued until February 24, 1942, when the said Laura Cavanaugh, nee Boulware, instituted a suit for a divorce against the insured in Denver, Colorado. On the 27th of February, 1942, the insured was served with process in Kansas City, Missouri, as appears by certificate of Granville A. Richart, then sheriff of Jackson County, Missouri, as follows:

"State of Missouri ⎱ ss.
Jackson County ⎰

Edw. J. Morris, Deputy Sheriff, the affiant, being sworn says: that affiant is over the age of eighteen years and is not a party to this action; and that affiant has duly served the within summons with the Complaint in the said action thereto attached on the within named defendant Richard M. Cavanaugh, by personally delivering to and leaving with him true and correct copies of the same in the city of Kansas City, County of Jackson, State of Missouri, on the 27th day of February, A.D. 1942."

This return was subscribed and sworn to by the deputy sheriff on the same day it was executed.

Upon the proceeding in Denver, an interlocutory decree of divorce was granted to plaintiff on April 23, 1942, and it contained the following recital: " * * * that during the six months period next ensuing after the date of this decree the parties hereto shall not be divorced, and neither party shall contract another marriage; * * *."

This recital becomes unimportant since it appears from the stipulation of the parties that the plaintiff and the insured "went through a marriage ceremony", "on March 21, 1942 at Olathe, Kansas," and that the insured and the plaintiff "lived together as man and wife until the death of the insur-

ed." It was also agreed that the "plaintiff was under no legal incapacity on her part to contract the marriage." The parties further agreed that after the filing of the suit the installment "payments to defendant, Margaret Gertrude Cavanaugh, were suspended pending this litigation."

1. Section 3362, R.S.Mo.1939, Mo.R.S.A., specifically provides: "All marriages, where either of the parties has a former wife or husband living, shall be void, unless the former marriage shall have been dissolved."

It would appear, therefore, that the insured's marriage with plaintiff on March 21, 1942 was void for the reason that he was, at that time, lawfully married to the above named, Laura Cavanaugh, nee Boulware, unless "the former marriage shall have been dissolved."

2 It is the law, however, that: "When a second marriage is shown, it is clothed with every presumption of validity. The law presumes innocence, not guilt; morality, not immorality; marriage, not concubinage." And, furthermore: "If the validity of the second marriage is attacked, the burden is on the attacking party to prove its invalidity, and if, in assuming this burden, which the law demands, it becomes necessary to prove a negative, he must do so." Furthermore: "The presumption in favor of the validity of the second marriage is not to be lightly repelled." Griggs v. Pullman Co., Mo.App., 40 S.W.2d 463, loc. cit. 464. See also Ribas v. Stone & Webster Engineering Corporation, Mo.App., 95 S.W.2d 1221, loc. cit. 1224. This presumption, however, is a rebuttable one. Ribas v. Stone & Webster Engineering Corporation, supra; Derrell v. United States, D. C., 82 F. Supp. 18, loc. cit. 21.

3. The only question for decision upon the facts is whether the presumption in favor of the second marriage was overcome by evidence offered by the defendants. The plaintiff testified in her own behalf that she did not know of the former marriage of her husband, the insured, until after his death, and for the first time was told by the mother of the insured of his former marriage She believed, however, that he

had been divorced from his former wife and probably was so advised by the defendant, Margaret Gertrude Cavanaugh. The information regarding the divorce was correct but the divorce, according to the stipulation of facts, was granted after, and not before, the second marriage.

4. Since the parties stipulated regarding a divorce decree in the Denver court, and since it appeared from the stipulation and the exhibits offered in evidence that the insured was personally served with a summons and copy of complaint in that case on February 27, 1942, such fact would be sufficient to overcome the presumption that the marriage had been dissolved prior to that time. If the insured had previously been divorced from the bonds of matrimony, admittedly contracted with the plaintiff in the Denver case, then it was clearly his duty to have spoken and to have acquainted the plaintiff in the Denver case and the courts with the circumstance that he had already obtained a dissolution of the marriage contract. The very fact of the Denver decree, after personal service upon the insured, would overcome any presumption of a former dissolution or any and all presumptions in favor of the validity of the second marriage.

Under such circumstances the plaintiff was not and could not be the lawful widow of the insured for the reason that under the law her marriage to the insured was void.

5. Counsel for the plaintiff rely on the case of Schiefer v. United States, 52 F.2d 527, loc. cit. 529. The opinion in that case was written by one of the judges of the district court for the W. D. of New York. It was his view that where "a woman free to marry and who, in good faith, married a soldier without notice or knowledge of any legal incapacity on his part to enter into marriage with her, is, within the meaning and intendment of the congressional acts governing war-risk insurance, his wife when as beneficiary she is named as such in his application for insurance."

The correctness of this opinion was properly questioned in Brown v. United States, 72 F. Supp. 153, loc. cit. 155, where

Judge Meaney, of the District Court of New Jersey, said: "But while the preference of the veteran and the suffering of an innocent victim in individual cases may be harshly existent facts, they may not be made the basis in adjudications for effecting alterations of the plainly expressed intent of the law."

As indicated above, the plaintiff was not validly married to the insured and is not entitled to recover, and judgment should be and will be for the defendant, Margaret Gertrude Cavanaugh. Counsel for the government will prepare a proper journal entry.