**HENDRICH v. ANDERSON et al.**

**ANDERSON v. HENDRICH et al.**

Nos. 4265, 4266.

United States Court of Appeals
Tenth Circuit.

July 27, 1951.

Fred L. Finlinson, Salt Lake City, Utah (William G. Shelton, Salt Lake City, Utah, was on the brief), for appellant Hendrich.

Gaylen S. Young, Salt Lake City, Utah, for appellee Anderson.

Alton C. Melville, Salt Lake City Utah, filed a brief for intervenor, Rodha Anne Mumford.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an action to determine who are the beneficiaries entitled to the insurance benefits of a policy of National Service Life Insurance issued to Myron Wardell Mumford,[1] who died on March 14, 1945. In his application for the policy he made the following designation of beneficiaries:

|  | "Complete Name of Each Beneficiary | Relation-ship | Amount of insurance to be paid to each beneficiary |
|---|---|---|---|
| Principal | Bernice Jane Mumford | Wife | 10,000 |
| Contingent | The Surviving children, equally to the Survivor or Survivors. | | |
|  | Rodha Anne Mumford | Mother | 10,000" |

The application was executed August 20, 1943.

The Insured and Vera M. Hendrich were united in marriage at Logan, Utah, August 26, 1931. Two children were born the issue of that marriage: Gary Keith Mumford, born February 17, 1935, and Jacqueline Rae Mumford, born January 19, 1937. On March 26, 1942, Vera M. Hendrich filed an action for divorce against the Insured in the Third Judicial District Court in and for Salt Lake County, State of Utah. On May 29, 1942, an interlocutory decree was entered in the divorce action. In accordance with § 40-3-6, Utah Code Annotated 1943, the decree provided that it should not become final and absolute until the expiration of six months from the date thereof.[2]

On November 8, 1942, prior to the expiration of the six months period, the Insured

1. Hereinafter called the Insured.

2. Section 40-3-6 of the Utah Code Annotated 1943, provides:

"If after the hearing of any divorce cause the court is of the opinion that the divorce ought to be granted to either person, a decree shall be entered granting to such person a divorce; but the de- cree shall specifically provide that it shall not become absolute until the expiration of six months from the date of its en- try."

Section 40-3-7, Utah Code Annotated 1943, in part provides:

"The decree of divorce shall become absolute at the expiration of six months from the entry thereof, * * * ."

and Bernice Jane Mumford Anderson[3] undertook to enter into a marriage contract at Malad, Idaho. They remained in Idaho one day and returned to Salt Lake City where they lived together as man and wife until the induction of the Insured into the Army on August 2, 1943.

Prior to November 8, 1942, Anderson was married to one Thornwall. Of that marriage three children were born, Glen Thornwall, Barbara Thornwall and Elaine Thornwall Wood. Thornwall died April 12, 1941.

Thomas Mumford was born to Anderson on July 11, 1943. The Insured was his father. After the birth of Thomas Mumford, Anderson and the Insured executed a consent to the adoption of Thomas by Harpo Marx, which recited that they were unable and would be unable to properly support, care for and educate Thomas Mumford, and that they believed it would be for his best interests that they consent to such adoption, to the end that he might have a home, proper care, maintenance and education. The consent was signed early in August, 1943. The decree of adoption of Thomas by Marx was entered May 11, 1944.

Section 602(g) of the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 802(g), provides:

"The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, * * * : Provided, That the provisions of this subsection as to the restricted permitted class of beneficiaries shall not apply to any national service life-insurance policy maturing on or after August 1, 1946."[4]

The trial court found that Gary Keith Mumford, Jacqueline Rae Mumford, Glen Thornwall, Barbara Thornwall, Elaine Thornwall Wood and Rodha Anne Mumford were entitled to the benefits of the insurance in equal shares and that Anderson and Thomas Mumford were not entitled to any portion of the insurance benefits. From a decree entered accordingly an appeal and cross-appeal are prosecuted.

The status of husband and wife between the Insured and Vera M. Hendrich continued until the period of six months from the entry of the divorce decree had elapsed.[5]

The fact that the insured and Anderson continued to live together as man and wife after the expiration of the six months period from the entry of the divorce decree did not validate their attempted marriage, since such marriage was void ab initio.[6] Utah does not recognize a common law marriage.[7]

A policy of National Service Life Insurance matures on the date of insured's death.[8]

A claimant must be a legal wife of the insured at the time of his death in order to be a widow within the meaning of § 602(g), supra, as amended.[9]

---

3. Hereinafter called Anderson.

4. The proviso was added after the death of the Insured.

5. In re Johnson's Estate, 84 Utah 168, 35 P.2d 305, 306.

6. Sanders v. Industrial Commission, 64 Utah 372, 230 P. 1026, 1027; Jenkins v. Jenkins, 107 Utah 239, 153 P.2d 262, 263; Gehm v. United States, S.D.N.Y., 83 F. Supp. 1003.

7. In re Vetas' Estate, 110 Utah 187, 170 P.2d 183, 184 and cases therein cited.

8. Walker v. United States, 7 Cir., 180 F. 2d 217, 218; Castor v. United States, 8 Cir., 174 F.2d 481, 482.

9. Castor v. United States, 8 Cir., 174 F.2d 481, affirming D.C., 78 F.Supp. 750; Walker v. United States, 7 Cir., 180 F. 2d 217; Lembcke v. United States, 2 Cir., 181 F.2d 703; United States v. Snyder, 85 U.S.App.D.C. 198, 177 F.2d 44; Le Pell v. United States, 10 Cir., 177 F.2d 1013; Derrell v. United States, D.C., E. D.Mo., 82 F.Supp. 18; Branch v. United States, D.C., W.D.Okl., 83 F.Supp. 641; Gehm v. United States, D.C., S.D. N.Y., 83 F.Supp. 1003; United States v. Leary, D.C.D.C., 90 F.Supp. 590; United States v. Oswald, D.C.Del., 91 F.Supp. 639; Muir v. United States, D.C., N.D. Cal., 93 F.Supp. 939; Morton v. United States, D.C., W.D.Pa., 92 F.Supp. 75.

The adjudicated cases are in conflict as to whether the law of the place of the marriage ceremony or the law of the place of residence of the parties is to be looked to to determine the validity of the marriage.[10]

It is unnecessary for us to resolve the conflict. Under the law of Idaho a pretended marriage is void, if at the time of such marriage one of the parties is legally married to another person.[11]

The undisputed facts here presented refute any presumption that the marriage between the Insured and Vera had been dissolved by a divorce prior to the divorce proceeding brought by Vera on March 26, 1942.[12]

Neither can there be any presumption that the Insured and Anderson were lawfully married by a further ceremony after the impediment was removed. A relationship meretricious in its inception is presumed to continue so, and the burden of proving a subsequent marriage rests on the party asserting it.[13] Anderson, who would have known if there was a subsequent marriage between her and insured, neither alleged such a marriage, nor offered any proof thereof.

Accordingly, we conclude that Anderson was not the lawful wife of the Insured at the time of his death and was not within the permitted class of beneficiaries, and that the Thornwall children were not the stepchildren of the Insured and were not within the permitted class of beneficiaries.[14]

In the designation of contingent beneficiaries the Insured did not designate his children, or any of them, by name, but simply stated "The Surviving children, equally to the Survivor or Survivors." The Insured was the father of Thomas. Under the provisions of § 40-1-3, Utah Code Annotated 1943, Thomas was the legitimate child of Insured and Anderson, although the marriage was invalid. He continued to be the child of his natural parents after his adoption and was entitled to inherit from the Insured.[15] While there were many reasons why the Insured should have excluded Thomas as a beneficiary, there is nothing in the designation of beneficiaries showing that he intended so to do. We conclude that Thomas was included in the designation of contingent beneficiaries.

The printed instructions in the application for insurance say nothing about naming a second contingent beneficiary. The application does not contain a blank for designating a second contingent beneficiary. There is nothing in the designation, other than that the name of Rodha Anne Mumford appears on the second line, to indicate that the Insured intended to designate her as a second contingent beneficiary. We conclude that she was a contingent beneficiary and entitled to share equally with Gary Keith Mumford, Jacqueline Rae Mumford and Thomas Mumford.[16]

10. See Lembcke v. United States, 2 Cir., 181 F.2d 703, 706, and United States v. Snyder, 85 U.S.App.D.C. 198, 177 F.2d 44, 47.

11. Idaho Session Laws, 1943, Ch. 25, p. 53, amending § 31-207, Idaho Code Annotated.

12. Cases which hold that the presumption of dissolution of first marriage is overcome by proof of a divorce action by one of the parties are: Cavanaugh v. United States, D.C.W.D.Mo.,, 94 F.Supp. 776; Cartwright v. McGown, 121 Ill. 388, 12 N.E. 737; Schmisseur v. Beatrie, 147 Ill. 210, 35 N.E. 525; Lewis v. Dept. of Labor and Ind., 190 Wash. 620, 70 P. 2d 298. See In re Wo-Gin-Up's Estate, 57 Utah 29, 192 P. 267, 271-272.

13. Rittgers v. United States, 8 Cir., 154 F.2d 768, 771; Beck v. Utah-Idaho Sugar Co., 59 Utah 314, 203 P. 647, 650; In re Eichler, 84 Misc. 667, 146 N.Y.S. 846, 849-850. See also Note, 104 A.L.R. 42.

14. See Gehm v. United States, D.C.S.D. N.Y., 83 F.Supp. 1003; Muir v. United States, DC.N.D.Cal., 93 F.Supp. 939.

15. In re Benner's Estate, 109 Utah 172, 166 P.2d 257, 258, 259; Leeper v. Leeper, 347 Mo. 442, 147 S.W.2d 660, 663; In re Roderick's Estate, 158 Wash. 377, 291 P. 325, 326, 80 A.L.R. 1398; In re Wilson's Estate, 95 Colo. 159, 33 P.2d 969, 970.

16 See Smith v. Wells, 72 Ind.App. 29, 122 N.E. 334, 339; Felix v. Ancient Order of United Workmen, 31 Kan. 81, 1 P. 281, 282; Taylor v. Hill, 86 Wis. 99, 56 N.W. 738.

246

The judgment is reversed and the cause remanded with instructions to enter judgment in accordance with the views herein expressed.