**UNITED STATES of America,**
**Plaintiff,**

v.

**Ben R. DININNY, Respondent-Appellant,**

**Harriet L. Parmeter and Helena K. Phillips, formerly known as Valeria Jane Dininny, an infant, Defendants.**

**No. 47, Docket 25113.**

United States Court of Appeals
Second Circuit.

Argued Nov. 6, 1958.

Decided Dec. 11, 1958.

J. R. Hoover, of Hoover & Peterson, Elmira, N. Y., for respondent-appellant.

John B. Lawless, Elmira, N. Y., for appellee, Helena K. Phillips.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and GALSTON, District Judge.

GALSTON, District Judge.

This action by the Government in the nature of interpleader was instituted pursuant to § 19, World War Veterans Act of 1924, as amended (§ 445, Title 38 U.S.C.A.) and § 617 of the National Service Life Insurance Act of 1940, as amended (§ 817, Title 38 U.S.C.A.) and seeks to have determined conflicting claims of the defendants to the proceeds of a policy of National Service Life Insurance issued to Willard K. Dininny as the insured.

Ben R. Dininny, the father of the insured; Harriet L. Parmeter, formerly the wife of the insured; and Helena K. Phillips, formerly known as Valeria Jane Dininny, claiming to be the daughter of the insured, are the claimants.

The complaint also alleges that the insured while in the military service applied for and was granted a contract of National Service Life Insurance, Policy No. N 4 245 783, effective November 1, 1942, in the amount of $10,000. In this policy Fairy E. Dininny, described as mother, was named principal beneficiary, and no contingent beneficiary was designated. It was determined by the Army that the insured was presumed to have died on November 17, 1945, but that for insurance purposes the Veterans Administration has held that the insured died on November 16, 1944 (the date on which he was reported missing in action), and that the policy was in full force and effect on the date of the death of the insured.

On March 20, 1946 the named beneficiary, Fairy E. Dininny, filed a claim for the proceeds of the policy of insurance, and the Veterans Administration awarded and paid to her monthly installments in the amount of $64.90 each,

from November 16, 1944 to the date of her death on November 5, 1947—in all thirty-five monthly installments.

The material facts were stipulated so that Judge Burke had no difficulty in setting forth his findings. But the issue to be resolved was whether Valeria Jane Dininny, as the child of Willard K. Dininny, is entitled as a beneficiary to the proceeds of the policy over the claims of the other defendants.

Judge Burke found that Willard K. Dininny and Harriet M. Larrison were married on October 24, 1940, and at that time were residents of the State of New York. At the time of the marriage Harriet M. Larrison was pregnant approximately eight months with a child by Willard K. Dininny. Helena K. Phillips was this child. An important and practically controlling fact found by Judge Burke was that Willard K. Dininny on December 14, 1940 signed a consent, with Harriet, in an adoption proceeding brought in Chemung County Court, to the adoption of their child Valeria, in which document Willard K. Dininny acknowledged himself to be the father of Valeria. Thereupon the child was adopted by Robert and Beatrice Phillips and her name was changed to Helena K. Phillips.

On August 23, 1944 Willard K. Dininny instituted an action in the Supreme Court of Chemung County to have the marriage between himself and Harriet M. Larrison annulled. Harriet testified that she had not lived with Willard K. Dininny, the insured, since the date of their marriage. The mother of the insured also testified that the couple had never lived together after the marriage, and that after they were married Harriet claimed that she was pregnant. The judgment of annulment was filed in Chemung County clerk's office three months after the entry, on January 8, 1946, of an interlocutory decree of annulment. It is to be observed parenthetically that prior to the annulment the insured had been determined deceased.

Before the annulment decree was entered it appears that Harriet L. Dininny had remarried (on May 5, 1945) and her name then became Harriet L. Parmeter. A motion by her in December 1950 to have the judgment of annulment vacated was denied.

Judge Burke concluded on the foregoing facts that Helena K. Phillips is the legitimate daughter of Willard K. Dininny, and that her adoption did not affect her status as a child of Willard K. Dininny. He also concluded that the judgment of annulment was conclusive as against the defendant Harriet L. Parmeter, and terminated the marriage *ab initio*.

Pursuant to the provisions of Title 38 U.S.C.A. § 802(h)(3), he concluded that Helena K. Phillips, as the child of the insured, was the next preferred beneficiary after the death of the named beneficiary and is entitled to the balance of all benefits payable under the policy.

The appellant Ben R. Dininny (Harriet L. Parmeter, who was co-defendant, has not appealed from the judgment of the District Court), presents two questions:

"A. Was the defendant, Helena K. Phillips, formerly known as Valeria Jane Dininny, a child within the meaning of United States Code Annotated, Title 38, Section 802, and entitled to take as beneficiary? The District Court held that she was (Pages 77–81). This the respondent-appellant, Ben R. Dininny, claims was in error.

"B. Whether the defendant, Ben R. Dininny, is entitled to take as against the defendant, Helena K. Phillips, formerly known as Valeria Jane Dininny, under the facts and under Title 38, Section 802 of the United States Code Annotated. The District Court held (Pages 77–81) that he was not. This the respondent-appellant, Ben R. Dininny, claims was in error."

Section 115 of the Domestic Relations Law, McKinney's Consol. Laws, c. 14 does not help the appellant, for though it provides that the parents of the foster child shall be relieved of all parental duties toward, and of all responsibility for such foster child, included in that section is this paragraph:

"The rights of a foster child to inheritance and succession from his natural parents remain unaffected by adoption."

■ Thus, though the annulment decree recited:

"3. That no children were born the issue of said marriage.",

the rights of Valeria Jane Dininny, as the *natural* child of the parties, conceived during the ante-nuptial period, were not affected. Nor do the provisions of § 111 of the Domestic Relations Law have the slightest bearing on the question herein presented. Appellant also refers to § 1146 and § 1135 of the Civil Practice Act of the State of New York, but this reference likewise is without merit and does not aid the appellant.

The efforts of a grandfather and a mother to override the inherent rights of an innocent child fortunately have no sanction in law. A New York case expresses the rights of a child that meets the circumstances of this case: in In Matter of Landers' Estate, 100 Misc. 635, at pages 640–641, 166 N.Y.S. 1036, at page 1039, the court stated:

"Very likely, because of the change of parents by adoption, the Legislature, that no privileges might be lost to the child, or legal rights formerly possessed, provided that the rights of inheritance and succession from his natural parents should remain unchanged as a result of adoption proceedings."

See also § 115 of the Domestic Relations Law which contains the provision that

"The rights of a foster child to an inheritance and succession from his natural parents remain unaffected by adoption."

■ Moreover it must be emphasized that this is a Federal case involving a National Service Life Insurance policy, and the affirmation in the adoption proceedings by the father that Valeria was his child is conclusive. See 38 U.S.C.A. § 505(c). Section 505, 38 U.S.C.A. was repealed June 17, 1957, effective January 1, 1958. The repeal, of course, does not affect the relationships and claims prior thereto.) Furthermore Hendrich v. Anderson, 10 Cir., 191 F.2d 242 is in line with the conclusion reached that Valeria's rights under the policy stemming from her father's death could not be cut off by adoption.

The judgment of the District Court is affirmed.